.No. 117.—DANIEL D. DUKE, plaintiff in error, *vs.* MAYOR AND COUNCIL OF THE CITY OF ROME, defendants in error.

·[1.] A municipal corporation is not liable to be sued for an error in judgment committed by the Mayor and Council, in refusing to grant a retail license, no corruption or malice being imputed.

Case, in Floyd Superior Court. Tried before Judge TRIPPE, February Term, 1856.

Daniel D. Duke brought an action on the case against the Mayor and Council of the City of Rome for the recovery of damages. It was alleged in the declaration, that the Mayor and Council of Rome were, in 1847, by the Legislature, constituted a body politic; that in 1854, they passed an ordinance prescribing the manner in which any person desiring to sell spirituous liquors should make application for and obtain license ; that plaintiff made application for license in the manner and form prescribed, which was refused; that at the time, he had stock to the value of $450 of the annual value of $250; was in possession of a rented house for which he had paid $175, and had a clerk hired; that instead of granting him a license, the defendant ordered his shop closed, which was accordingly done to the great injury and damage ·of the plaintiff.

At the trial, Counsel for defendant moved the Court to ·dismiss the case, on the ground that an action for damages could not be maintained against an incorporation, such as the defendant is.

The Court sustained the motion and dismissed the action, .and Counsel for plaintiff excepted.

PRINTUP, for plaintiff in error.

UNDERWOOD, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Can an action in any form be maintained against a municipal corporation for an error in judgment, only when exercising judicial functions, and where no corruption or malice is imputed ?

We think not. Just as well, upon principle, sue this or any other Court. And it is a fallacy to suppose that there is no distinction between towns and private corporations. The former are local governments, clothed with legislative, executive and judicial functions. They are *imperium in imperio,* and their energies should not be paralyzed while they are honestly seeking to discharge, to the best of their ability, the public duties imposed upon them as a branch of the Government.

In this corporation, the powers, greatly enlarged, which are ordinarily vested in the Inferior Court, as to licenses, are bestowed, by law, upon the Mayor and Council.

The Justices of the Inferior Court of Morgan County supposing they had a discretion over the subject, refused to grant a retail license. This Court reversed their decision. But did the applicant or any one else suppose that the Justices had subjected themselves or the county to an action ? And why not, if the officers of this corporation, or the corporation itself, is held liable ? And why not the Judge of the Superior Court who affirmed the judgment of the Justices ?

We do not believe that any such doctrine can be maintained.