## TRESCOTT *v.* CITY OF WATERLOO.[1]

*(Circuit Court, N. D. Iowa, E. D.* November Term, 1885.)

MUNICIPAL CORPORATION—IMPRISONMENT UNDER VOID ORDINANCE—ACTION FOR FALSE IMPRISONMENT.

A party who has been arrested for violation of an unconstitutional municipal ordinance, requiring a license fee to be paid by non-resident peddlers, and, on conviction, has served out his fine in prison, cannot maintain an action against the municipal corporation for false imprisonment.

At Law. Demurrer to petition.

*Blum & Blum,* for plaintiff.

*C. W. Mullan,* for defendant.

SHIRAS, J. The questions submitted to the court are presented by a demurrer to the petition. The plaintiff avers that for the past two years he has been a citizen of the state of Illinois; that the defendant is a municipal corporation, created under the laws of the state of Iowa; that it has legislative authority to license and regulate canvassers and peddlers; and that, in pursuance thereof, in February, 1884, it adopted an ordinance as follows:

"PEDDLERS AND HAWKERS.

"Proprietors of dollar stores and gift enterprises, and all persons transiently remaining in the city, selling, or offering for sale, in any manner, any goods,

---

[1] Reported by Robertson Howard, Esq., of the St. Paul bar.

wares, or merchandise at retail, either in any temporary place of business, or traveling about the city, shall pay such sum as the mayor shall determine in each particular case."

—That said ordinance is unconstitutional and void; that in February, 1884, the plaintiff, while engaged in peddling spectacles from door to door in said city of Waterloo, without having a license therefor, was, by order of the mayor of said city, arrested for so doing, fined, and imprisoned for non-payment of such fine, causing damage to plaintiff, for which judgment is sought in this action. To this petition a demurrer is interposed, on the ground that the facts alleged do not show a cause of action against the city.

In the cases of *Marshalltown* v. *Blum*, 58 Iowa, 184, S. C. 12 N. W. Rep. 266, and *Town of Pacific Junction* v. *Dyer*, 64 Iowa, 38, S. C. 19 N. W. Rep. 862, the supreme court of Iowa held that ordinances discriminating in favor of the residents of the city or town, against residents of other states, or against residents of other sections of Iowa, were void.

Not questioning that the ordinance adopted by the city of Waterloo comes within the ruling thus made, and is therefore void, counsel have discussed the question whether the city can be held liable for damages to the plaintiff under the state of facts alleged in the petition. It will be borne in mind that the plaintiff could, by proper action on his part, have defeated the assessment of a fine against him for selling without a license. If the decision in the police court was adverse to him in this particular, he could, by appeal, have carried the case to a higher court, and thereby have caused the reversal of the judgment assessing a fine against him. Had he paid the fine under protest, he might have recovered the same in a proper action. He did not pursue either of these courses. Having undertaken to peddle goods without a license, and having been arrested for a violation of the ordinance, he suffered a fine to be entered against him, and, rather than appeal or pay the fine in money, he discharged the fine by suffering imprisonment under the provisions of the state statute. He now seeks to recover damages against the city on the ground that the ordinance is void because it discriminates in favor of the residents of the city.

The supreme court of Iowa, in repeated decisions, affirms, as the law of the state, the general rule that the police regulations of a city are not made and enforced in the interests of the city in its corporate capacity, but in the interest of the public, and that consequently the city is not liable for the acts of its officers in enforcing such regulations. *Ogg* v. *Lansing*, 35 Iowa, 495; *Calwell* v. *City of Boone*, 51 Iowa, 687; S. C. 2 N. W. Rep. 614. The regulation and control of peddlers, hawkers, proprietors of dollar stores, gift enterprises, and the like, as provided for in the ordinance passed by the city of Waterloo, is a police regulation, within the meaning of the rule laid down in the cases cited.

Again, the action of the city in adopting the ordinance in question was, upon its part, a legislative act, and the exercise of a right of sovereignty primarily belonging to the state, but by the state delegated to the city. For errors of judgment in the exercise of such powers the cities are not liable in their corporate capacity. *Fowle* v. *Alexandria*, 3 Pet. 398; *Duke* v. *City of Rome*, 20 Ga. 635; *Ogg* v. *Lansing*, 35 Iowa, 495.

The demurrer to the petition is therefore sustained.