CASE 109—PETITION ORDINARY—FEBRUARY 12.

# McGraw v. Town of Marion.

APPEAL FROM CRITTENDEN CIRCUIT COURT.

98   673
103   235
98   673
115   387
98   673
d117 523
98   673
c127   470

**1. UNCONSTITUTIONAL CITY ORDINANCE—DISCRIMINATION AGAINST NON-RESIDENTS.**—A town ordinance requiring all transient persons to pay a license tax for the privilege of selling goods or merchandise of any kind at auction or retail in the town, is unconstitutional and void because it discriminates against the residents of other States.

**2. LIABILITY OF CITY FOR ACTS OF OFFICERS IN ENFORCING VOID ORDINANCE.**—A municipal corporation is answerable for the damage done to any person by its officers in enforcing an unconstitutional ordinance, or by-law, enacted for the sole benefit of the corporation or its citizens. Therefore one who has been imprisoned by a town marshal for his failure to pay a fine imposed under such a void ordinance has a right of action against the town therefor.

JAMES & JAMES AND A. C. MOORE FOR APPELLANT.

1. The ordinance under which appellant was prosecuted is unconstitutional. (Daniel v. Trustees of Richmond, 78 Ky., 542; Fecheimer Bros. & Co. v. City of Louisville, 84 Ky., 306.)

2. The city is liable for the prosecution of appellant under the void ordinance just as an individual would be had he set the criminal law wrongfully in motion against an individual. (15 Am. and Eng. Enc. of Law, p. 1141; Prather v. City of Lexington, 13 B. Mon., 560; Newell on Malicious Prosecution, p. 387, sec. 19; *Idem* p. 218, sec. 99; Dillon's Mun. Corp., 391, sec. 313; 2 Dillon's Mun. Corp., p. 1189, sec. 972; 2 Addison on Torts, p. 1302; 1 Sutherland on Damages, p. 750; 1 Sedgwick on Damages, p. 535, sec. 378.)

Vol. 98.—43.

McGraw v. Town of Marion.

CRUCE & NUNN AND E. C. FLANARY FOR APPELLEE.

A municipal corporation, created as towns of the sixth class are in
the State of Kentucky, with the power and authority given them,
can not be sued in tort or for false imprisonment arising from
the enforcement of a by-law or ordinance through its regularly
elected police judge, even though the by-law or ordinance be un-
constitutional and void. (Dembitz's Ky. Jur., 137; James' Adm'r
v. Trustees of Harrodsburg, 85 Ky., 191; 15 Am. and Eng. Enc. of
Law, 1141, 1146 and 1148; 7 Am. and Eng. Enc. of Law,
685; 7 Lawson's Rights, Remedies and Practice, sec. 4006,
p. 6281; Idem., secs. 3919, 3927, 3970; Trescott v. Waterloo, 26 Fed.
Rep., 592; 13 B. Mon., 559, 563; 4 Dana, 154; 14 Bush, 87; 8 Ky.
Law Rep., 310; 4. S. W. Rep., 450; 10 Ky. Law Rep., 105; Act
creating towns of sixth class.)

C. S. NUNN IN PETITION FOR REHEARING.

The town board of trustees in enacting the ordinance in question was
legislating in line with a settled law of the State, and the town
and its officers in enforcing it were acting "in aid of a State law,"
and in such a case the town is but a governmental agency of the
State and should therefore be accorded the same immunity from
liability to which the State is entitled. (Tramwell v. City of
Russellville, 30 Am. Rep., 1; Taylor v. City of Owensboro, 32 S.
W. Rep., 948; Ky. Stats., secs. 4222, 4223, 4219; Lindsay v. Ruther-
ford, 17 B. Mon., 245, 343; Wald's Pollock on Contracts, p. 262;
Graffty v. City of Rushville, 57 Am. Rep., 130; Morrill v. State,
20 Am. Rep., 14.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This action was instituted in the Crittenden Circuit Court
by the appellant, G. W. McGraw, against the town of Ma-
rion, seeking to recover damages in the sum of ten thousand
dollars on acount of the arrest, imprisonment and injuries
to appellant, growing out of the enforcement of an alleged
unconstitutional by-law enacted by the authorities of said
town.

The petition, in apt language, alleges the organization and
incorporation of the town; the election and qualification of

trustees, police judge, marshal, secretary and treasurer and prosecuting attorney. It is further alleged as follows: "He states that the defendant, by. its board of trustees aforesaid, is, by virtue of said law, vested with power and authority to pass ordinances in and for the town of Marion aforesaid, not in conflict with the constitution or laws of this Common-wealth or of the United States. He states that since said town so organized and elected its officers aforesaid, the board of trustees of said town enacted and passed the fol-lowing pretended, illegal, unconstitutional ordinances, to-wit:

"Section 21. All transient persons (other than a citizen of this town), who shall sell any goods, wares or merchandise of any kind, at auction or retail, in the town of Marion, shall first pay to the clerk or treasurer of said town the sum of, to-wit: Peddler of general merchandise, $22.50 per day for each man employed; peddlers of patent medicines, $1 to $10 per day in the discretion of the clerk or treasurer; peddlers of jewelry, spectacles or minor wares, $2.50 per day.

"Section 22. Any person who shall violate any of the pro-visions required by section 21 of these by-laws shall, upon conviction thereof, be fined in any sum not less than $5 nor more than $50, and in default of payment of any fine and costs imposed by section 21 of these by-laws shall be com-mitted to the county jail, at the rate of one day for each fifty cents of said fine and costs, or may be put to hard labor on the streets or public work of the town of Marion at the rate of fifty cents per day until said fine and costs are paid, in the discretion of the court. That said by-laws or ordi-nances of the defendant pretendedly took effect on and from the 10th of August, 1893."

It is further alleged in the petition as follows: "He states that all of the money arising from license, fines and prosecu-

tions under said sections 21 and 22 of said pretended by-laws aforesaid inure to the exclusive use and benefit of the defendant, the town of Marion; and that said ordinance, in said section aforesaid, is not in pursuance nor in aid of any law of the Commonwealth of Kentucky, nor is same by authority of any law of this Commonwealth or in defendant vested, by virtue of the law creating the municipality of the defendant, the town of Marion.

"He states that said sections 21 and 22 discriminate as between citizens living in the town of Marion and those living without said town, and discriminates as between citizens of the defendant, town of Marion, and non-resident citizens of the State in this, that it allows citizens living within the corporate limits of the defendant, the town of Marion, to sell goods, wares and merchandise, such as this plaintiff sold and offered for sale, without a license or paying defendant anything whatever for said privilege of so doing, without subjecting themselves to arrest, prosecution, fine or imprisonment, to all of which penalties a person not residing within the defendant, the town of Marion, is subjected unless license under said pretended sections 21 and 22 of defendant's by-laws is procured; and he alleges that said discrimination aforesaid brings said sections 21 and 22 of defendant's said by-laws within the inhibition of section 2 of article 4 of the Federal Constitution, which provides that the citizens of each State shall be entitled to all privileges and immunities of citizens of the several States, and is, therefore, unconstitutional, null and void from its incipiency, and for the further reason that said sections 21 and 22, nor either of them, does not fix the amount of license to be charged or collected by the defendant, but leaves the amount to the discretion of the defendant's town clerk or treasurer, from $1 to $10, thereby placing it in the power of defendant's said

clerk or treasurer to discriminate as between applicants for license for said privileges."

It is further alleged in the petition that plaintiff was, at the time of the injury complained of, a citizen and resident of the State of Indiana, engaged in the business of selling, by public auction in different States, soaps, hair restoratives and other articles, and on the 12th of March, 1894, he was so engaged in the said town of Marion, and that he tendered to said clerk of said town $1.25 being the sum for which said clerk had formerly granted him license to sell said articles, which sum the clerk refused to accept, demanding a higher price, which plaintiff refused to pay, and thereafter, on said day, the said town of Marion, in pursuance of said pretended by-laws, wrongfully, and without authority of law, had the plaintiff arrested upon the charge of selling and peddling at public auction articles of general merchandise without a license to do so, which warrant was issued by defendant's police judge, H. F. Ray, in pursuance of said by-law, and executed by defendant's town marshal, J. F. Loyd, by taking plaintiff into custody, and taking him away from his business and to the office of said judge, where he was, over his objection, put upon trial under said pretended law, and wrongfully fined by said court in the sum of $5, and $11.60 cost, for the non-payment of which he was wrongfully and without authority of law upon the "committimus" of said defendant's said court addressed to the jailer of Crittenden county, lodged in jail, and there kept by said jailer until he was liberated therefrom upon a writ of *habeas corpus* before J. A. Moore, judge of the Crittenden County Court. That in order to defend himself before the defendant's police court, and to have himself liberated from said jail, he had to, and was forced to, and did, employ counsel at a cost of $100, which sum was reasonable. That defendant had notice of

the unconstitutionality of said by-laws; that he (plaintiff) was greatly damaged in his business, mind and feeling and character, and expense incurred in his defense, in the sum of $10,000, for which sum he prayed judgment.

The defendant entered a general demurrer to the petition, which demurrer was sustained by the court, and plaintiff failing to amend, the petition was dismissed. To reverse that judgment this appeal is prosecuted.

It is insisted by appellant that the by-laws, under or by virtue of which he was prosecuted, were unconstitutional and void, and that the license required and the punishment inflicted upon him were alike illegal, and wholly without authority of law.

Ordinances or by-laws of towns similar to the one complained of in this case have been so often decided by the Supreme Court of the United States, as well as this court, to be unconstitutional and void that further discussion of that question is deemed unnecessary. (Fecheimer Bros. & Co. v. City of Louisville, 84 Ky., 306.)

But counsel for appellee insist very earnestly that the town corporation or municipality is not liable for the injury or wrong inflicted, if indeed any injury has been done appellant.

It may be conceded that that question has never been decided by this court. We have before us a case, where, according to the allegations of the petition, a party has been arrested, fined and imprisoned without authority of law. It necessarily follows that some one must be liable to answer for the damages caused by the wrong. Perhaps it will be conceded that the persons arresting and putting plaintiff in prison are liable, but if they were but acting at the request of and for the benefit of the town, it would seem unjust to them to say that they alone should be responsible, and it would likewise

be unjust to the injured party to require him to look alone to a few individuals for redress in such cases.

This court, in Prather v. City of Lexington, 13 B. M., 559, recognized the doctrine that a municipal corporation, in a certain class of cases, would be responsible for injuries to an individual where the acts done would warrant a like action against an individual.   The same doctrine is recognized in James' adm'r v. Trustees of Harrodsburg, 85 Ky., 196.

The rule is thus stated in 15 American & English Ency. of Law, page 1141:   "While the difficulties surrounding all attempts to state a rule embracing the torts for which a private action will lie against a municipal corporation, have been often deplored, yet it is believed that the following formula is both accurate and complete:

"So far as municipal corporations of any class, and however incorporated, exercise powers conferred on them for purposes essentially public—purposes pertaining to the administration of general laws made to enforce the general policy of the State—they should be deemed agencies of the State, and not subject to be sued for any act or omission occurring while in the exercise of such power, unless by statute the action be given; in reference to such matters they should stand as does sovereignty, whose agents they are, subject to be sued only when the State by statute declares they may be.   In so far, however, as they exercise powers not of this character, voluntarily assumed—powers intended for the private advantage and benefit of the locality and its inhabitants—there seems to be no sufficient reason why they should be relieved from that liability to suit and measure of actual damage to which an individual or private corporation exercising the same powers for purposes essentially private, would be liable."

In 2 Dillon on Municipal Corporations, section 771 [sec-

tion 973 of third edition], it is said: "A municipal corpora-
tion may be liable as respects illegal and void acts, where
these are within the scope of the general powers of the cor-
poration, and where the enforcement of such acts by its offi-
cers under its authority has been compulsory, resulting in
injury to individuals."

It is manifest that the by-law in question was enacted for
the sole benefit of the municipal corporation of Marion and
of its citizens, hence the case at bar falls within the rule laid
down in the American & English Ency. of Law, *supra*, hold-
ing the corporation liable for the injury complained of.

The liability of a municipal corporation in an action of
tort for the acts of its officers was decided by the Supreme
Court of Massachusetts, in Thayer, &c., v. City of Boston, 19
Pick., 513. In that case the plaintiffs alleged that they were
seized in fee, as tenants in common, of a messuage in Boston
(describing the same); that the defendants took up the pave-
ment in front of the messuage and range of buildings, dug up
the soil, etc., erected stalls, benches, etc., on the passage
way, and obstructed the communication with the messuage,
etc.

The defendants objected that the action could not be
maintained against them for any of the acts complained of
because they were performed not by the city, but by the sur-
veyor of highways and other officers duly authorized by law,
and if the officers were not so authorized, they, and not the
city, were responsible for their unlawful acts; that the cor-
poration could not be made answerable for any unauthor-
ized trespasses of the officer, and that in fact it was incapa-
ble of committing a trespass.

Chief Justice Shaw delivered the opinion of the court, and,
after stating the case, says: "The action is an action of the
case against the city in its corporate capacity, for special

damage, alleged to have been done to the plaintiffs, in their estates, by the officers of the city having authority over the streets and highways of the city, by acts which they professed to do by virtue of their offices, and for the use and benefit of the city.

"It is a well-settled rule of law that if an individual suffer special damage, by an unlawful act, in obstructing a highway, he shall have his action, although the party doing the act is liable to an indictment. But without such damage, although the act is unlawful, and although more injurious to one proprietor on account of his proximity to the highway than another, still he can not have an action, because actions would thereby be multiplied indefinitely; but the offender shall be prosecuted by indictment, by which the offence shall be punished, and the wrong redressed once for all. What is special damage to sustain the *per quod*, and enable one to have his several action, for an injury common to the whole community, is often a difficult question. It seems to be settled by authorities, that it must be something not merely differing in degree, but in kind, from that which must be deemed common to all. But as this subject has been fully considered in the other case alluded to, it is not necessary in this to discuss it more at large.

"Supposing this to be a public highway, and the plaintiffs to have sustained a special damage, so as to enable them, upon general principles, to maintain an action, then it is argued that such an action, sounding in tort, can not be maintained against the city, in its corporate capacity; and whether such an action can be maintained, is the question which has been mainly considered in the present case.

"The argument strongly pressed by the defendants is, that if the officers of the corporations, within their respective spheres, act lawfully and within the scope of their author-

ity, their acts must be deemed justifiable, and nobody is liable for damages, and if any individual sustains loss by the exercise of such lawful authority, it is *damnum absque injuria.* But if they do not act within the scope of their authority, they act in a manner which the corporation have not authorized, and in that case the officers are personally responsible for such unlawful and unauthorized acts. But the court are of the opinion that this argument, if pressed to all its consequences, and made the foundation of an inflexible practical rule, would often lead to very unjust results.

"There is a large class of cases, in which the rights of both the public and of individuals may be deeply involved, in which it can not be known, at the time the act is done, whether it is lawful or not. The event of a legal inquiry, in a court of justice, may show that it was unlawful. Still, if it was not known and understood to be unlawful at the time, if it was an act done by the officers having competent authority, either by express vote of the city government, or by the nature of the duties and functions with which they are charged, by their offices, to act upon the general subject matter, and especially if the act was done with an honest view to obtain for the public some lawful benefit or advantage, reason and justice obviously require that the city, in its corporate capacity, should be liable to make good the damage sustained by an individual, in consequence of the acts thus done. It would be equally injurious to the individual sustaining damage, and to the agents and persons employed by the city government, to leave the party injured no means of redress, except against agents employed, and by what at the time appeared to be competent authority, to do the acts complained of, but which proved to be unauthorized by law. And it may be added, that it would be injurious to the city itself. in its corporate capacity, by paralyzing the energies

McGraw v. Town of Marion.

of those charged with the duty of taking care of its most important rights, inasmuch as all agents, officers and subordinate persons might well refuse to act under the directions of its government in all cases, where the act should be merely complained of, and resisted by any individual as unlawful, on whatever weak pretence; and, conformably to the principle relied on, no obligation of indemnity could avail them.

"The court are therefore of opinion, that the city of Boston may be liable in an action of the case, where acts are done by its authority which would warrant a like action against an individual, provided such act is done by the authority and order of the city government, or of those branches of the city government invested with jurisdiction to act for the corporation, upon the subject to which the particular act relates, or where after the act has been done, it has been ratified, by the corporation, by any similar act of its officers.

"That an action sounding in tort, will lie against a corporation, though formerly doubted, seems now too well settled to be questioned. Yarborough v. Bank of England, 16 East, 6; Smith v. Birmingham &c. Gaslight Co.. 1 Adolph. & Ellis, 526. And there seems no sufficient grounds for a distinction in this respect between cities and towns and other corporations. Clark v. Washington, 12 Wheaton, 40; Baker v. Boston, 12 Pick. 184."

It seems to us that both reason and authority require that a municipal corporation should be answerable for the damage done to a party by its officers enforcing a void and unconstitutional ordinance or by-law.

For the reason indicated the judgment of the court below is reversed and cause remanded, with directions to overrule the demurrer and for further proceedings consistent with this opinion.