## BARTLETT *v.* CITY OF COLUMBUS.

A municipal corporation is not liable, in an action for false imprisonment, for damages alleged to have been occasioned to the plaintiff by reason of his imprisonment under a judgment rendered against him by a municipal court, for the violation of an ordinance; and this is true though such judgment may have been irregular, erroneous, or even void.

Argued April 20, — Decided May 21, 1897.

Action for damages. Before Judge Butt. Muscogee superior court. May term, 1896.

An ordinance and resolution were adopted by the city council of Columbus, November 1, 1893, establishing the office of recorder, which office was authorized by par. 4 and sec. 21 of the city charter. On March 6, 1895, the city council adopted a tax and license ordinance for that year, in which a license tax of $10 per annum was required of all boarding-houses taking transient guests in the city; that all persons engaged in any trade, profession or occupation specified in the ordinance should register under oath with the city treasurer such business, trade or occupation, should pay the license tax specified, and take out a license for said business, trade or occupation, under penalty, for failing so to do, of a fine not exceeding $100 and imprisonment not to exceed 60 days, either or both in the discretion of the recorder; that the police department should see that the provisions of the ordinance relating to special or business license were observed, and summon all violators of the same to appear before the recorder's court; and that the recorder should be authorized to punish any and all violators of the same by fine and imprisonment as before stated. A section of the city code provided that all taxes were due upon the books being placed in the hands of the treasurer, and that executions might issue against persons liable for the same, at any time after the taxes were due. The tax ordinance of 1895 provided that such parts and so much of ordinances theretofore passed as provided for the issuing and enforcement of any execution for any tax or assessment required by such ordinances, or that imposed any fine and penalty for the non-payment of such tax, or for the failure to register or take out license provided for in such ordinances, should remain of force until

said tax or assessment should be fully paid. Upon the record-
er's docket appeared an entry of a case of the city against the
plaintiff, charged with doing business without a license, with a
further entry: "Fined $10, or 20 days in jail. April 22, 1895."
It appears from the testimony, that plaintiff was served by a
policeman with a subpœna notifying him to appear "at the
next mayor's court" on a certain day in April, 1895, to answer
a charge of doing business without a license. He went to the
mayor and showed the subpœna to him, who stated that he
considered the summons illegal and supposed it was intended
for the recorder's court, that the mayor had no court and
plaintiff had satisfied that summons by coming to him, and he
could go, as far as the mayor was concerned, who had nothing
to do with the mayor's court. There was no such court in
existence at the time. The mayor regarded that summons as
illegal, but it has since been continued and used as a summons
to bring offenders before the recorder's court; it was the record-
er's place to hold the court. It was held by the mayor before
the recorder was elected. The plaintiff did not appear at the
recorder's court in answer to this summons, but did on a subse-
quent day appear there, and upon his name being called he
was asked by the recorder if he ran a boarding-house and took
transient guests. Upon the plaintiff answering in the affirma-
tive, the recorder informed him that his tax was $10. Plain-
tiff said, "All right, I have not got any money with me."
He was further questioned by the recorder as to why he did
not appear at first in answer to the summons. Plaintiff re-
plied that the subpœna which he produced told him to appear
before the mayor. He was further asked if he did not know
that was the mayor's court, to which plaintiff answered that
he was not presumed to know anything except what the sub-
pœna said; that if he was subpœnaed to Judge Butt's court
he would not go to Judge Willis's court; to which the recorder
replied, "Well, as long as you are so captious about it, I will put
you in jail for 20 days." Plaintiff proposed to certiorari the case
and have a bond signed, and the recorder said, "I am not
going to take any bond; I am going to put you in jail for 20
days." He was carried to jail, and sued out a writ of habeas

corpus; and upon the hearing he was remanded to custody by the ordinary. He remained in jail about two days, and was then released upon payment of $10 for his license, this sum having been paid by his uncle. In another part of his testimony he says, that when he went down to give in his tax he was arraigned before the recorder who asked him if he was guilty or not guilty, and he answered that he did not know how to reply to that, but had not committed any crime. He told the recorder that he was running a boarding-house, after the recorder asked him if he was; did not admit that he had not taken out any license, though such was the fact; none had been demanded of him; the finance committee had just made their report of the tax ordinance for 1895. He knew already what the license was for a boarding-house; had been paying them before, and knew it was $10. He had no judicial trial; the mayor had told him to go about his business, saying he had no case against him. He knew the recorder presided over the mayor's court. The recorder said, "You pay it all now, or I will put you in jail for 20 days; 20 days in jail or $10.

*C. J. Thornton* and *A. E. Thornton*, for plaintiff.
*Francis D. Peabody*, for defendant.

FISH, J. Bartlett sued the city of Columbus for false imprisonment, alleging that the defendant, without legal authority, imprisoned and detained him in the common jail of Muscogee county for forty-eight hours. Upon the close of the plaintiff's testimony the court below granted a nonsuit, and Bartlett excepted.

1. The plaintiff showed by his testimony that the office of recorder of the city of Columbus was duly and legally constituted, and that said officer was authorized to preside over the "mayor's court" and to try all persons charged with a violation of the ordinances of said city. It further appears from his testimony, that he was tried, convicted and sentenced by the recorder in said court for an alleged violation of an ordinance of said city, in carrying on the business of keeping a boarding-house, taking transient guests, without first having registered and obtained the city license prescribed therefor. This being true, it is not necessary to consider the grounds upon which

the plaintiff in error contends that his trial by the recorder and the judgment rendered therein were illegal and void; because it is clear that a municipal corporation is not liable, in an action for false imprisonment, for damages alleged to have been occasioned to the plaintiff by reason of his imprisonment under a judgment rendered against him by a municipal court, for the violation of a city ordinance; and this is true though said judgment may have been irregular, erroneous, or even void. In the case of *Duke* v. *M. & C. of Rome*, 20 *Ga.* 636, Lumpkin, J., says: "Can an action in any form be maintained against a municipal corporation for an error in judgment, only when exercising judicial functions, where no corruption and malice is imputed? We think not. Just as well, upon principle, sue this or any other court." A case that is exactly in point is that of Trescott v. City of Waterloo, which was tried in the Circuit Court of the United States for the Northern District of Iowa, and is reported in the 26 Fed. Rep. 592. In that case the court held that: "A party who has been arrested for violation of an unconstitutional municipal ordinance, requiring a license fee to be paid by non-resident peddlers, and, on conviction, has served out his fine, can not maintain an action against the municipal corporation for false imprisonment." The passage of the ordinance by the city council of Columbus, for the alleged violation of which the plaintiff in error was tried, convicted and imprisoned, was an exercise of the legislative power, and his trial and sentence by the recorder was an exercise of the judicial power conferred by the State upon the municipal corporation. It is well settled that for errors of judgment committed in the exercise of either of these powers a municipal corporation is not liable in damages. *Rivers* v. *City Council of Augusta*, 65 *Ga.* 376.

*Judgment affirmed. All the Justices concurring.*