MASTERS v. VILLAGE OF BOWLING GREEN.

(Circuit Court, N. D. Ohio, W. D.   November 18, 1899.)

MUNICIPAL CORPORATIONS—FALSE IMPRISONMENT—INVALID ORDINANCE.
Where a municipality acts in good faith, without malice, in the arrest of one charged with violating an ordinance, it is not liable in damages, although the ordinance be invalid.

E. L. Twing and James & Beverstock, for plaintiff.
T. F. Conley and F. A. Baldwin, for defendant.

RICKS, District Judge.   The plaintiff sues the defendant, for that the defendant is a municipality, duly incorporated under the laws of the state of Ohio, in the United States of America.   Plaintiff says that he is a resident of the state of Pennsylvania, in the United States of America; that he is agent for the firm of the Boyd Ointment Company, having its principal office and place of business in the city of Kittanning, in the state of Pennsylvania, in the United States of America, in which city and state the plaintiff is also a resident. Plaintiff says that he is engaged as an agent for said firm, in the business of distributing circulars, bills, and advertisements of, and selling and delivering, a certain medicine or salve known as "Boyd's Ointment," to various persons in the United States of America. Plaintiff says that the authorities of the village of Bowling Green caused the plaintiff to be arrested and taken before the Hon. Almer C. Campbell, mayor of said village aforesaid; that he was arrested on an affidavit made by one Davenport, and upon a pretended warrant issued by Mayor Campbell for his said arrest.   Plaintiff says that after his arrest, and on the 29th day of May, 1899, the said Hon. Almer R. Campbell, as mayor of the said village of Bowling Green, as aforesaid, commanded the said Davenport, as marshal of said village, to cause this plaintiff to appear before the mayor of said city, at his office in said city, on the 29th day of May, 1899, to answer the charge set forth in said warrant.   Plaintiff alleges that the ordinance under which he was arrested is an illegal ordinance, and in conflict with the constitution and laws of the United States, and especially the interstate commerce act; wherefore he claims damages from the village authorities.

The question presented is whether an action can be maintained against the authorities of a village or municipality who have acted in good faith, without malice, in the arrest and punishment of commercial travelers.   A great many authorities have been cited on this proposition, but the weight of authority, it seems to me, is against plaintiff's contention.   In 34 Ark. 105, in the case of Trammell v. Town of Russellville, the supreme court squarely hold that such an action cannot be maintained.   The court says:

"It is a universally recognized principle that one acting judicially in a matter within the scope of his jurisdiction is not liable to an action for his conduct.   Judge Cooley says: 'Whenever the state confers judicial powers upon an individual, it confers them with full immunity from private suit.' Cooley, Torts, 408.   In effect, the state says to the officer that those duties are confided to his judgment; that he is to exercise his judgment fully, freely,

and without favor, and he may exercise it without fear; that his duties concern individuals, but they concern more especially the welfare of the state, and the peace and happiness of society; that, if he shall fail in the faithful discharge of them, he shall be called to account as a criminal, but that, in order that he may not be annoyed, disturbed, and impeded in the performance of these high functions, a dissatisfied individual shall not be suffered to call in question his official action in a suit for damages. This is what the state, speaking by the mouth of the common law, says to the judicial officer."

This declaration is quoted with approval by Judge Cooley in his work on Torts. It seems, from the authorities, to make no difference whether the ordinance under which the arrest and punishment were made was valid or invalid. In this case, therefore, it is not necessary to determine whether the ordinance is valid or not. Cities and towns incur no liability to persons who may be injured by acts of their officers in the discharge of their duties in their public capacity. The opinion of the court, therefore, is that the demurrer to the petition should be sustained, and the petition dismissed.