CLARK et al. v. ATLANTIC CITY.

(Circuit Court, D. New Jersey. June 23, 1910.)

1. COMMERCE (§ 64*)—ORDINANCES—VALIDITY—REGULATION OF INTRASTATE COMMERCE.

An ordinance governing and fixing fees of mercantile licenses and regulating the businesses licensed, expressly authorized by Laws N. J. 1902 (P. L. p. 293) § 14, par. 27, providing for the government of cities, would be valid as a regulation of intrastate business.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 104–106; Dec. Dig. § 64.*]

2. JUDGMENT (§ 648*)—CONCLUSIVENESS.

As between the parties, the judgment of every tribunal acting judicially within the scope of its jurisdiction is conclusive, where it only comes collaterally in question, so long as it is unreversed, and hence, where plaintiff was erroneously convicted in a recorder's court of violating an ordinance requiring a license for carrying on the business in which she was engaged, she being immune therefrom because engaged in interstate business, but did not directly attack the judgment on such ground, but

acquiesced therein, she could not attack it collaterally under the guise of an action against the city for damages for having erroneously rendered it.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1309, 1310; Dec. Dig. § 648.*]

3. MUNICIPAL CORPORATIONS (§ 747*)—LIABILITY FOR INJURY FROM NEGLECT OR MISCONDUCT.

Municipalities are agents of the state invested with the exercise of legislative, judicial, and administrative functions, and the doctrine of respondeat superior and of implied liability applicable to ordinary corporations cannot be invoked against a municipal corporation for the tortious acts of its officers, unless such misconduct results while acting within the scope of its corporate powers, and then only if it results from the exercise of such of those powers as are strictly corporate and intended for its special benefit, as distinguished from acts done in its public capacity in the discharge of the duties imposed for the public and general benefit, and where a valid ordinance was passed it was an exercise of legislative power, and where an arrest thereunder, and trial, conviction, and sentence, were an exercise of judicial power conferred by the state by a general law, capable of being applied throughout the state, and on a subject directly affecting the welfare of the public at large, and not one that was exclusively or peculiarly benefiting the city in its corporate capacity or as the owner of property, that the arrest was erroneous, the ordinance not applying to the person arrested, would not render the city liable in damages.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1570–1577; Dec. Dig. § 747.*

Liability for torts of public officers, see note to Mayor, etc., of City of New York v. Workman, 14 C. C. A. 534.]

4. COURTS (§ 359*)—UNITED STATES COURTS—LOCAL LAW.

Whether a municipal corporation is responsible in damages for torts of its officers in a stated case is a matter of local law, which it is the duty of the federal courts within said state to follow when made manifest by legislative action or the decisions of the highest state court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 939–949; Dec. Dig. § 359.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

At Law. Action by Lizzie Lewis Clark and husband against the City of Atlantic City. On demurrer to declaration. Demurrer sustained.

George Demming, for plaintiffs.
Harry Wootton, for defendant.

RELLSTAB, District Judge. The declaration has two counts framed to recover alleged damages to the wife and husband respectively. The cause of action is the same in both counts, and, briefly stated, is that the wife, while working as agent in taking orders for corsets from sample and measurements from persons at Atlantic City, was arrested, tried, convicted, and fined by the municipal authorities for her failure to procure a license to carry on such business, as required by an ordinance of said city, which was void as far as she and such business were concerned, as an obstruction of and interference with interstate commerce, as she and her principal were

citizens of another state, and the orders taken by her were to be filled from a sister state.

The demurrer assigns the reasons, inter alia, that the defendant passed the ordinance, and took all such proceedings thereunder pursuant to legislative and judicial powers conferred on it by the state, and that it is not liable in damages for injuries resulting from the exercise of such powers, and that the judgment in the recorder's court is conclusive between the parties, and so remains until set aside by direct proceedings instituted in the state court. From the plaintiff's declaration we learn that the ordinance in question is entitled "An ordinance governing, regulating and fixing fees of mercantile licenses in Atlantic City, N. J., and regulating the businesses licensed," and that by section 4 the license fees were to be paid annually for conducting the businesses, trades, professions, or occupations therein named. No other reference to the provisions of this ordinance is made. The declaration does not allege that the soliciting carried on by the plaintiff wife was included in such ordinance, or that it contemplated the regulation of interstate commerce.

A general act of the state Legislature adopted by the defendant authorizes the passsage of an ordinance such as is indicated in the title. Laws N. J. 1902 (P. L. p. 293) § 14, par. 27. Such an ordinance would be valid as a regulation of intrastate business. Flanagan v. Plainfield, 44 N. J. Law, 118; Johnson v. Asbury Park, 60 N. J. Law, 427, 39 Atl. 693. The declaration failing to show that the ordinance attempted to tax interstate commerce, the invalidity of the ordinance is not established. However, on the facts stated in the declaration and admitted by the demurrer, the conviction of such plaintiff was erroneous, as it was an interference with interstate commerce. Robbins v. Shelby Tax Dist., 120 U. S. 489, 7 Sup. Ct. 592, 30 L. Ed. 694; Brennan v. Titusville, 153 U. S. 289, 14 Sup. Ct. 829, 33 L. Ed. 719; Rearick v. Penna., 203 U. S. 507, 27 Sup. Ct. 159, 51 L. Ed. 295; Dozier v. Ala. (No. 105, decided May 31, 1910, not yet officially reported) 30 Sup. Ct. 649, 54 L. Ed. ——.

As to the right to bring such action while the judgment stands unreversed, if the facts accord with the allegations in the declaration, undoubtedly the judgment in question would have been set aside, if attacked directly. No such attack was made, and it stands unchallenged, save for these proceedings. But the judgment may not be attacked collaterally. The recorder's court had jurisdiction of the person and the subject-matter. As already stated, the ordinance so far as it regulated intrastate business is valid. The constitutional immunity now invoked applies only to interstate commerce, and that is a defense. If it was offered and not sustained by the proofs, the judgment was correct; if so sustained, and the court refused to give it its legal effect, that was error which could be corrected on review by the state courts. The judgment was not final unless the party convicted chose to have it so. Having acquiesced in such judgment, the plaintiff may not here attack its legal effect under the guise of an action for damages for having erroneously rendered it.

It is hornbook law that as between the parties the judgment of

every tribunal acting judicially, within the sphere of its jurisdiction, is final and conclusive, where it only comes collaterally in question, so long as it is unreversed. 7 Enc. U. S. Sup. Ct. Rep. p. 618; 23 Cyc. 1055.

This conclusion is sufficient to dispose of the present demurrer; but it is deemed advisable to deal with the question of the defendant's liability in damages for the erroneous judgment alleged to have been rendered against such plaintiff, regardless of the fact that such judgment remains unreversed.

Municipalities can act only through duly authorized officers and agents, and they are not liable for every tortious act of such persons. They are agencies of the state and are designed for the government of localities; they are invested with the exercise of legislative, judicial, and administrative functions. Some of the conferred powers are mandatory, others discretionary; some call for the performance of public duties imposed upon them; others authorize the carrying out of works and the making and enforcing of regulations intended for their special benefit or advantage. While the powers and duties of our modern municipalities are growing more and more varied, comprehending not only the regulation of many subjects which have their origin in the recent progress and development of urban life, but the carrying on of works, rendered necessary by the same cause, the latter of which could be (some of which have been) carried on by ordinary public corporations, yet their liability in damages to persons injured by their neglect or misconduct in the absence of legislative declaration is to be determined, not by the principles applicable to corporations generally, but by the nature of the power and duty exercised and the charter and legislative provisions applicable thereto. 2 Dillon's Mun. Corp. (4th Ed.) § 948, p. 1156.

Whether a municipal corporation in a state is responsible in damages for the torts of its officers in any stated case is a matter of local law, which it is the duty of the federal courts within such state to follow when made manifest by legislative action or the decisions of the highest state court. Claiborne v. Brooks, 111 U. S. 400, 4 Sup. Ct. 489, 28 L. Ed. 470; Detroit v. Osborne, 135 U. S. 492, 10 Sup. Ct. 1012, 34 L. Ed. 260; Denver v. Porter, 126 Fed. 288, 61 C. C. A. 168; Winona v. Botzet, 169 Fed. 321, 94 C. C. A. 563, 23 L. R. A. (N. S.) 204.

The attention of the court has not been called to any legislation of the state of New Jersey regulating the liability of municipalities for torts committed in the exercise of the powers conferred, whatever their nature, nor any adjudication of the courts of said state wherein their liability for causing an arrest under a void statute or ordinance, or in seeking to enforce a valid statute or ordinance against subjects or persons not legally comprehended therein has been determined. The cases of the state courts wherein municipal liability for torts was considered are numerous, however, and they uniformly maintain the distinction already referred to, viz., that the nature of the power exercised, and not the principles applicable to corporations generally, determine liability or nonliability, and hold that the doctrines of respondeat superior and of implied liability applicable to ordinary cor-

porations cannot be invoked against a municipal corporation for the tortious acts of its officers unless such misconduct results while acting within the scope of its corporate powers, and then only if it results from the exercise of such of those powers as are strictly corporate and intended for its special benefit and advantage as distinguished from the acts done in its public capacity in the discharge of the duties imposed for the public and general benefit. Wheeler v. Essex Pub. R. Bd., 39 N. J. Law, 291; Tomlin v. Hildreth, 65 N. J. Law, 438, 47 Atl. 649; Condict v. Jersey City, 46 N. J. Law, 157; Valentine v. Englewood, 76 N. J. Law, 509, 71 Atl. 344, 19 L. R. A. (N. S.) 262. For other New Jersey cases, see 5 N. J. Dig. Ann. Title Torts, p. 9487.

These distinctions and resultant doctrine of limited liability of municipalities for torts which pertain in the New Jersey courts are in harmony with those adopted in other jurisdictions. See chapter 23, Dillon's Mun. Corp.; 28 Cyc. 1257–1265.

Neither the passage of the ordinance in question, nor the attempt to enforce it against the plaintiff wife, makes the defendant liable on the doctrine of implied liability or respondeat superior. As far as the passage of the ordinance is concerned, as already shown, it must be deemed valid on this demurrer. But if it were invalid, and the illegality consisted in the attempt to enforce a void ordinance rather than (as the pleading shows) an illegal attempt to extend the application of a valid ordinance to subjects or persons prohibited by the United States Constitution, the result would be the same. For the passage of the ordinance was an exercise of legislative power, and the arrest, trial, conviction, and sentence an exercise of judicial power, conferred by the state by a general law, capable of being applied throughout the state, and on a subject directly affecting the welfare of the public at large, and not one that was exclusively or peculiarly benefiting the city in its corporate capacity or as the owner of property. For an error of judgment committed in the exercise of such powers, the municipality cannot be made liable in damages.

While this precise question has not been presented for judicial determination in the New Jersey courts, it has in other jurisdictions, in all of which the liability of the municipality was denied. Trescott v. Waterloo (C. C.) 26 Fed. 592; Kansas City v. Lemen, 57 Fed. 905, 6 C. C. A. 627; Cottam v. Oregon City (C. C.) 98 Fed. 570; Masters v. Bowling Green (C. C.) 101 Fed. 101; Simpson v. Whatcom, 33 Wash. 392, 74 Pac. 577, 63 L. R. A. 815, 99 Am. St. Rep. 951; McIllhenny v. Wilmington, 127 N. C. 146, 37 S. E. 187, 50 L. R. A. 470; Bartlett v. Columbus, 101 Ga. 300, 28 S. E. 599, 44 L. R. A. 795; Caldwell v. Prunelle, 57 Kan. 511, 46 Pac. 949; Trammell v. Russellville, 34 Ark. 105, 36 Am. Rep. 1; Buttrick v. Lowell, 1 Allen (Mass.) 172, 79 Am. Dec. 721.

This immunity of municipal corporations may occasionally work injustice; but it is within the province of the Legislature, and not the courts, to bring it to an end.

The demurrer is sustained.