A. D. SMOAK v. CITY OF TAMPA.

167 So. 528.
Division B.
Opinion Filed April 14, 1936.

*Jefferson D. Stephens,* for Plaintiff in Error;

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for Defendant in Error.

Terrell, J.—This writ of error is to be a final judgment for defendant, on demurrer to a declaration seeking to recover damages for personal injuries incurred by plaintiff in error in falling from an automobile truck used by defendant in error for hauling garbage. Plaintiff in error was employed as a laborer on the truck and recovery is sought on the theory that a ladder, steps, or some other contrivance, was not provided for getting on and alighting from it.

The demurrer to the declaration having been sustained and defendant refusing to amend, final judgment was entered and writ of error was prosecuted therefrom.

Did plaintiff in error assume the risk incident to his employment?

Defendant in error contends that this is the only question necessary to be determined and that it should be answered in the affirmative. Plaintiff in error contends, on the other hand, that the defense of assumption of risk is not available in this case because he was employed in a hazardous occupation as contemplated by Section 4971, Revised General Statutes of 1920, Section 7058, Compiled General Laws of 1927, by which the defense of assumption of risk is barred as to the occupations named therein.

Section 7058, Compiled General Laws of 1927 was formerly Section 1 of Chapter 6521, Acts of 1923, and was designed to fix the liability of persons, firms, and corporations engaged in the hazardous occupations named therein, including railroading and "operating automobiles for public use."

In Ryan v. Noble, 95 Fla. 830, 116 So. 766, we held that one operating automobiles for hire, though not a common carrier, was liable in damages under the hazardous occupation Act, for an injury to an employee that is proximately caused by the negligence of a fellow servant jointly engaged with the plaintiff in performing the act causing the injury when the plaintiff was not negligent. This case is not necessarily conclusive of the case at bar as it applies only to those operating automobiles for hire. Our view is that when the Legislature by the foregoing Act withdrew the defense of assumption of risk from persons, firms, and corporations engaged in "operating automobiles for public use" it had reference to those holding themselves out to

serve the public for compensation in like manner as others engaged in the hazardous occupations named in the statute.

There is no showing whatever and it is not contended that the defendant in error was holding itself out as a servant of the public for compensation but it was using the automobile truck in question as a conveyor of garbage for the municipality and for no other purpose. Plaintiff in error was operating the truck as an employee of the city and the statute in no respect immunized him from the risk of his employment.

The second and only other question necessary to be adjudicated is that of whether or not the plaintiff in error was engaged in the performance of such a governmental function when injured as would preclude his recovery.

Generally the governmental or public duties of a municipality for which it can claim exemption from damages for tort have reference to some part or element of the state's sovereignty granted it to be exercised for the benefit of the public whether residing within or without the corporate limits of the city. All other duties are proprietary or corporate and in the performance of them the city is liable for the negligence of its employees. City of Pass Christian v. Fernandez, 100 Miss. 76, 56 So. 329, 39 L. R. A. (N. S.) 649.

The difference between governmental and corporate duties is sometimes nebulous and difficult to classify but there is certainly nothing connected with garbage disposal that partakes of a public or governmental function. It was consequently one of the proprietary corporate duties for the negligent performance of which the city may be held liable. City of Tallahassee v. Kaufman, 87 Fla. 119, 100 So. 150; Chardkoff Junk Co. v. City of Tampa, 102 Fla. 501, 135 So. 457; City of Pass Christian v. Fernandez, *supra*.

We, therefore, conclude that when plaintiff in error was injured he was engaged in the performance of a corporate or proprietary duty for which recovery may be had on proper showing but in this case he assumed the risk of his employment. The demurrer to the declaration appropriately raised the latter question, it is shown that plaintiff in error was thoroughly conversant with the truck, that he worked on it voluntarily, that it was properly constructed, and had no latent defects. He had frequently gotten on and alighted from it and relies solely on the charge that it was not equipped with appliances for that purpose. He was a man of intelligence and experience, was familiar with the layout, and cannot be heard to complain for this reason. Coyle v. Mangam, 21 N. Y. S. 773; Zeilmann v. McCullough, 214 Fla. 27, 63 Atl. 368.

From a careful examination of the record we cannot say that error was committed in sustaining the demurrer. The judgment below is, therefore, affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.