R. A. ELROD v. CITY OF DAYTONA BEACH, a Municipal Corporation.

180 So. 378.

Division B.

Opinion Filed April 7, 1938.

Rehearing Denied April 25, 1938.

*Ray Selden,* for Plaintiff in Error;

*Leon J. C. Harton,* for Defendant in Error.

BROWN, J.—This action was brought in the Circuit Court of Volusia County, Florida, by R. A. Elrod, to recover damages for injuries received by him as a result of the enforcement of an allegedly unconstitutional ordinance passed by the City of Daytona Beach. This appeal is predicated on two assignments of error which are directed at two orders of the trial judge sustaining demurrers to the plaintiff's declaration and second amended declaration filed in this cause. The declaration is in four counts and alleges in substance that the City of Daytona Beach passed an ordinance No. 623, which was unconstitutional in that it imposed a burden on interstate commerce and is in violation of the Commerce Clause of the Constitution of the United States and beyond the powers of the City to enact; that Plaintiff, R. A. Elrod, was, on March 11, 1935, a salesman

for the Real Silk Hosiery Mills, Indianapolis, Indiana, soliciting orders in the said City of Daytona Beach, upon which he received a small down payment from the customers, forwarding all such orders directly to the Real Silk Hosiery Mills where they were accepted or rejected and, if accepted, the merchandise ordered was sent directly to the customer C. O. D. for the balance unpaid; while engaged thusly plaintiff was arrested by defendant City, through its Mayor, City Commission, servants, agents and employees upon the chage that he, the Plaintiff, did solicit or canvass from house to house within the City of Daytona Beach, without first having obtained a license therefor, as provided by ordinance No. 623, and that he was assaulted and put in jail for six hours, etc., for which Plaintiff claims damages.

The Plaintiff claims the ordinance in question is unconstitutional under the authority of Myers v. City of Miami, 100 Fla. 1537, 131 So. 375. The ordinance, however, has not been set out in the pleadings and so this Court cannot pass upon its constitutionality on this appeal. The demurrer admits all facts in the declaration that are well pleaded and so for the purpose of this suit we will accept plaintiff's version of the ordinance. Defendant in his brief states: "We respectfully direct this Honorable Court's attention to the fact that the constitutionality of said ordinance is not being tried in the instant case. Admitting that said ordinance is void and unconstitutional, still we insist that Plaintiff in Error cannot maintain his action against said Defendant in Error, City."

The only question then, presented by the pleadings, and the court's judgment thereon, is whether under the facts alleged in the declaration, the City of Daytona Beach is liable to the Plaintiff for injuries which he suffered because of the enforcement of an unconstitutional ordinance.

According to 19 R. C. L. 1101:

"It is generally held that a municipality is not liable for the enforcement of a void ordinance which imposes a license tax upon an occupation which is beyond the municipal power to tax, and even in states where the contrary view formerly prevailed, such decisions have been overruled."

In Trescott v. Waterloo, 26 Fed. 592, it was held that a party who had been arrested for the violation of an unconstitutional municipal ordinance requiring a license fee to be paid by non-resident peddlers, and, on conviction, had served out his fine in prison, could not maintain an action against the municipality for false imprisonment. It was there stated:

"The Supreme Court of Iowa, in repeated decisions, affirms, as the law of the State, the general rule that the police regulations of a city are not made and enforced in the interests of the city in its corporate capacity, but in the interest of the public, and that consequently the city is not liable for the acts of its officers in enforcing such regulations. Ogg v. Lansing, 35 Iowa 495; Calwell v. City of Boone, 51 Iowa 687; S. C. 2 N. W. Rep. 614. The regulation and control of peddlers, hawkers, proprietors of dollar stores, gift enterprises, and the like, as provided for in the ordinance passed by the City of Waterloo, is a police regulation, within the meaning of the rule laid down in the cases cited.

"Again, the action of the city in adopting the ordinance in question was, upon its part, a legislative Act, and the exercise of a right of sovereignty primarily belonging to the State, but by the State delegated to the city. For errors of judgment in the exercise of such powers the cities are not liable in their corporate capacity. Fowle v. Alexandria,

3 Pet. 398; Duke v. City of Rome, 20 Ga. 635; Ogg v. Lansing, 35 Iowa 495."

In the case of Bond v. Royston, 130 Ga. 646, 61 S. E. 491, the City of Royston adopted an ordinance imposing a tax on every non-resident dealer selling commercial fertilizer within the limits of the municipality, and it was there held that the adoption of this ordinance was an attempted exercise of the legislative powers conferred upon the municipality, and even though the ordinance was unconstitutional and void, the attempted enforcement of it would not render the municipality liable in damages.

It appears that the plaintiff attempted to take this case out of the rule by alleging that in the passage of the ordinance in question the City did not act "in pursuance to nor in aid of any law of the State of Florida," but the ordinance is "on the contrary intended for the private advantage and benefit of the defendant city." These allegations must be treated as mere conclusions of the pleader, as sufficient facts are not alleged to substantiate these conclusions. It does not appear that the municipality was, or legally could have been, engaged in any business which was in competition with the business of those affected by the ordinance, such as plaintiff's business. The only benefit that the municipality might receive from the ordinance was that it was to receive a license fee. Ordinances licensing and regulating hawkers, peddlers and solicitors are generally upheld as valid police regulations and we do not concur in the allegation that such ordinances are for the private advantage and benefit of the city.

In considering a municipality's liability for torts, we find the general rule expressed in 43 C. J. 921, thusly:

"Generally in reference to liability for torts, it is held that a municipal corporation has a dual character, the one public and the other private, and exercises correspond-

ingly twofold functions and duties. The one class of its powers is of a public and general character, to be exercised in virtue of certain attributes of sovereignty delegated to it for the welfare and protection of its inhabitants or the general public; the other relates only to special or private corporate purposes, for the accomplishment of which it acts, not through its public officers as such, but through agents or servants employed by it. In the former case its functions are political and governmental, and no liability ordinarily attaches to it at common law, either for nonuser or misuser of power; and such immunity from liability does not depend upon the use of the best, or of any particular, means in the conduct of the municipality's governmental business. * * * In its second character above mentioned * * * the corporation stands upon the same footing with a private corporation. * * *"

Although this Court has been quite liberal in allowing actions for torts against municipal corporations (see Kaufman v. City of Tallahassee, 94 So. 697, 84 Fla. 634; Chardfloff Junk Co. v. City of Tampa, 135 So. 457, 102 Fla. 501; Smoak v. City of Tampa, 167 So. 528, 123 Fla. 716; Ballard v. City of Tampa, 168 So. 654, 124 Fla. 457; Maxwell v. City of Miami, 100 So. 147, 87 Fla. 107) we have not yet gone so far as to formulate a doctrine that subjects the municipality to liability for torts that may be inflicted by the city acting in its *strictly* governmental capacity. As was said in the case of Ballard v. City of Tampa, *supra:*

"Even in the early days there was a disposition to limit the common-law doctrine of governmental immunity from liability, which gave rise to the saying, 'The King can do no wrong, but his ministers may.' This ancient doctrine of immunity has been greatly pruned and pared down during the past century, especially with regard to municipal corporations, and no court in the land has probably exceeded

this Court in participation in that process. At least the doctrine should not be extended, in the face of Section 4 of our constitutional Declaration of Rights referred to by Mr. Justice ELLIS in the Kaufman case, *supra."*

As late as the case of Lewis v. City of Miami, 127 Fla. 426, 173 So. 150, this Court recognized the distinction between a municipality's liability in the performance of its governmental functions and its liability in the exercise of private or corporate powers and duties. It was there stated:

"There was a time when all municipal functions were governmental and therefore municipal corporations were wholly free from responsibility from torts or civil wrongs, by common law. Jones on Negligence of Municipal Corporations, Sec. 18: *This rule of municipal non-liability for torts is still recognized as to all functions whereby the municipality acts simply as an agent of the State for governmental purposes,* unless of course a contrary rule be provided by statute. But as to those corporate powers and responsibilities now residing in municipalities that are outside the narrow range of functions heretofore classed by the common law as purely governmental, municipal liability in an action in tort may exist, especially where the wrong and injury is the result of neglecting a positive duty or inhibition enjoined upon the municipality by law."

As before mentioned, ordinances reasonably regulating and licensing peddlers and solicitors are ordinarily upheld as a valid exercise of the police power conferred upon the City by the Legislature. If the ordinance is unconstitutional because it discriminates between non-residents and residents, or because it places a burden on interstate commerce, or for other cause, it is none the less a governmental act and the municipality is not liable for injuries resulting from the enforcement of the ordinance, any more than the State would be liable for the passage and enforcement of

an unconstitutional statute. As was said in 19 R. C. L. 1099:

"If an ordinance which was beyond the power of the city council to enact is in the nature of a police regulation the municipality will not be liable for the acts of the municipal police force in attempting to enforce it, or for the acts of the mayor in issuing a warrant of arrest for the violation of the ordinance, or of the city marshal in executing the warrant, or even for imprisonment under a judgment of the municipal court in a prosecution for the violation of the ordinance."

See also Caldwell v. Prunelle, 57 Kan. 511, 46 Pac. 949; Easterly v. Irwin, 99 Iowa 694, 68 N. W. 919; Trescott v. Waterloo, 26 Fed. 592; McFadin v. San Antonio, 22 Tex. Civ. App. 140, 54 S. W. 48; Trammell v. Russellville, 34 Ark. 105, 36 Am. Rep. 1; Simpson v. City of Whatcom (Wash.) 63 L. R. A. 815.; Bartlett v. Columbus, 101 Ga. 300, 44 L. R. A. 795; 28 S. E. 599; Harrison v. Columbus, 44 Tex. 418; Masters v. Bowling Green (C. C.) 101 Fed. 101; Chicago v. Turner, 80 Ill. 420; Grumbine v. Washington, 2 MacArch. 578, 29 Am. Rep. 626; Franks v. Holly Grove, 93 Ark. 250, 124 S. W. 514; Hall v. Dunn, 52 Or. 475, 97 Pac. 8111.

Plaintiff in error cites the case of McGraw v. Town of Marion, 98 Ky. 673, to the effect that the enforcement of a void and unconstitutional ordinance by officers of the municipality will render the City liable to a person who is injured thereby. This case was not in line with the previous case. of Taylor v. Owensboro, 98 Ky. 271, 32 S. W. 948, and the Supreme Court of Kentucky in the case of Hershberg v. City of Barbourville, 142 Ky. 60; 133 S. W. 985, discussed the McGraw case thusly:

"It is insisted for appellant that, as the irdinance is void, his arrest was unwarranted, and the city is liable to him

therefor. In support of this conclusion his counsel cites the case of McGraw v. Marion, 98 Ky. 673, 47 L. R. A. 593, 34 S. W. 18, in which it was held that a recovery might be had against the municipality in a case like this. But that case was in effect overruled in Park Comrs. v. Prinz, 127 Ky. 460, 105 S. W. 948, and, as there shown, it is contrary to both the previous and subsequent decisions of the court."

The almost unanimous weight of authority is against holding the municipality liable for the enforcement of an unconstitutional or void ordinance. We feel that reason also is in line with the authorities. The city in exercising purely governmental powers and in performing the governmental duties conferred on it by the Legislature should not be subjected to any greater liability than the Legislature. As was said in the case of Hershberg v. Barbourville, *supra,* "Where the council acts in its legislative capacity for governmental purposes, the municipality is no more liable than the State would be for similar action taken by the Legislature. The ordinance in question was passed in the attempted exercise of the police power." This Court has gone far in brushing aside the cloak of immunity and in allowing actions of tort against the municipality, but we are of the opinion that the municipality should not be subjected to liability for the passage and enforcement of unconstitutional ordinances, and this is so even though the municipality is operating under the City Manager or City Commission form of government, because the city is engaged in the performance of a governmental function delegated by the Legislature.

Plaintiff in error was not without remedy. He could have contested the validity of the ordinance by an action in court, or he could have paid the license fee under ·protest and recovered the same in a proper action.

We are of the opinion for the reasons stated that the lower court did not err in sustaining the demurrers to the Plaintiff in Error's declaration; nor did it err when the plaintiff declining to amend, the court rendered judgment in favor of the defendant; i. e., that the plaintiff take nothing by his suit; that the same be dismissed, and the plaintiff "go hence without day."

Judgment affirmed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.