Mr. Justice WAYhTE
 

 delivered the opinion of the court.
 

 This is an appeal from the Circuit Court of the United States for the district of South Carolina.
 

 Upon the hearing of this cause in this court, it was suggested that the court had not jurisdiction of the case, on the ground that the District Court, which had original jurisdiction of it, had not given a final decree in favor of the libellants, before-the cause was taken by appeal to the Circuit Court; from the decision of which, reversing the decision of the district judge and dismissing the libel, the appellants appealed to the Supreme Court. ÍTo such decree of the District Court is set Out in the record; but the court, supposing it might be a clerical omission, gave to the counsel concerned in the cause time to; ascertain the fact, in order that it might be made, either by consent of parties or by certiorari, a part of the record, that there tídght be no delay in the final disposition of the case by this court. . The counsel having made; the necessary inquiries
 
 *201
 
 from the clerk of the 'District and Circuit Courts, and having reported to this court that no final decree had been extended or passed in favor of the libellants by thé district judge, and that the case had been- taken by appeal to the Circuit Court upon such imperfect record, and decided in that court, without any notice of the omission having been brought to its view either from the record or in the argument of the case, the counsel have applied to this court to ¡permit them to amend the record by consent, by inserting in it what might be agreed upon by them to be a final decree, urging, as the merits of the case between the parties had been fully discussed here, that the court could proceed upon such amendment to decide the case.
 

 We have examined the proposal of counsel in connection with the laws of Congress regulating appeals from the District Court to the Circuit Court, and from the latter to this court, and also the decisions of this court upon those laws, and we do riot find, upon any interpretation which has been or could in our view be given to them, that it is in our power to grant, the application of counsel for the amendment of the record as. they propose it should be done.
 

 The right of appeal is “ conferred, defined, and regulated,” by the second section of the act of March 2, 1803, (ch. 20, 1 Stat. at Large, 244.) Its language is: “That from all final judgments or decrees in any of the District Courts of the United States, an appeal, where the matter in dispute, exclusive of costs, shall exceed the sum or value of fifty dollars, shall be allowed to the Circuit Court next to be holden in the district where such judgment or judgments, decree or decrees, may be rendered; and the Circuit Court or Courts áre hereby authorized and required to receive, hear, and determine, such appeal. And that from all final judgments or decrees rendered in any Circuit Court, or in any District Court acting as a Circuit Court in cases of equity, of admiralty, and maritime jurisdiction, and of prize or no prize, an appeal, where the matter in dispute, exclusive of costs, shall exceed the sum or value of two thousand dollars, shall be allowed" to the Supreme Court of the United States; and that upon such appeal a transcript of the libel, bill, answer, depositions, and all other proceedings of what kind soever in the cause, shall be transmitted to the said Supreme Court.” It is, then, only upon final judgments and decrees that appeals can be taken from either of the courts to the other courts. Without such a decree, neither the Circuit nor the Supreme Courts can have jurisdiction to determine a cause upon its merits, as was done in this case by the Circuit Court, from which decision it has been brought by appeal to this court. The Circuit Court had nothing before it to make
 
 *202
 
 its decision available for the appellants, if its view of tbe merits of the case had coincided with.the opinion of the district judge, or upon which its process could have been issued to' carry out the judgment given by it in favor of the respondents. Bor could it have permitted an amendment of the record of .appeal by the insertion of what the'parties might have agreed to be a final judgment as to -amount, without its having first received the judicial sanction of the district judge. And this court is as powerless in this respect as the Circuit Court was, as its jurisdiction depends upon that court having a proper legislative jurisdiction of the case. It cannot overlook the fact upon which its jurisdiction depends,
 
 by any action-in the cg.se in the Circuit Court
 
 upon
 
 an irregular appeal.
 
 The casé in that court was coram non judice, and is so here. ■ The appellants have the right to the execution of the order given by the district judge to the commissioner and clerk of the court, to ascertain the charges to be made against' thb respective parties to the suit, and to state an account between them; for which purpose he was authorized to use the testimony already reported, and such further testimony as might be brought before him in relation to that point.
 
 That
 
 the Circuit Court cannot direct to be done, nor can this court-do so. All that we can do in the case, as it stands here, is'to reverse the decree of the Circuit Court dismissing the appellants’ libel, to send the case back to the Circuit Court, that the appeal in it may be dismissed by it for want of its jurisdiction, leaving the case in its condition before the appeal to that court, that the parties may carry oüt the,ease in the District Court to a final decree, upon such a report as the commissioner and clerk may make, according to the order which was given by the judge. The judgment of the Circuit Court is reversed accordingly.