## THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK v. JAMES MURPHY

Under the charter of the city of Newark, a violator of an ordinance of that city cannot, without his consent, be brought into court for trial, unless by a warrant or summons.

VOL. XI.                K

On *certiorari.*

The defendant, James Murphy, on the 1st day of August, A. D. 1877, at the city of Newark, N. J., was arrested by John W. Campbell, a special policeman, on view, for selling hawking, peddling and vending ice. He was immediately taken before the police justice by said officer. A complaint, under oath, was made and filed on the same day.

The complaint was as follows: "John W. Campbell, license inspector in the city of Newark, complains of James Murphy, who is in custody in said city; and said complainant being duly sworn, on oath doth depose and say—That, on the 1st day of August, A. D. 1877, at the city of Newark, the said John W. Campbell arrested the said James Murphy while he, the said Murphy, was in the act of selling, hawking, peddling and vending ice, and carrying on the occupation of vender of ice in said city, with a wagon, without being first licensed by the mayor and common council of said city, in violation of sections four hundred and ninety-three, four hundred and ninety-five and five hundred and sixteen of the ordinances of said city; and the said Murphy did sell and vend, on said day, without being licensed as aforesaid, to Peter McAvoy, without being licensed as aforesaid, and to divers other persons on said day and previous thereto, whereby he became indebted to said mayor and common council of said city in the sum of $10; therefore prays that the said James Murphy may be held to answer said complaint, and dealt with as law and justice may require."

The defendant gave bail for his appearance at the adjourned day. At the adjourned day, the parties appeared; the defendant moved to non-suit the city, upon the ground that the officer had no right to arrest the defendant on view; that a warrant should have first been obtained; that the defendant was not regularly in court, and the court had no jurisdiction.

The police justice overruled the defendant's motion. The parties went to trial, and judgment was given for the plaintiffs. The defendant appealed. On the appeal, the defendant,

by his counsel, moved to non-suit the plaintiffs upon the grounds as above stated.

The Court of Common Pleas granted the motion, and non-suited the plaintiffs. The plaintiffs thereupon brought *certiorari* to this court.

Argued at November Term, 1877, before Justices SCUDDER, DIXON and REED.

For the plaintiffs, *P. W. Cross.*

For the defendant, *A. P. Condit.*

The opinion of the court was delivered by

REED, J. The city of Newark, by section four hundred and seven of their revised ordinances, provided that the several policemen of the city shall have power to arrest all persons found violating any law or ordinance, or aiding and abetting in any such violation; * * * and shall take all such persons so arrested to the police office or station-house, or other place designated by the police rules. The question discussed on the argument was whether there was power in the common council to authorize, by ordinance, the arrest of a violator of an ordinance, upon view, without warrant. It is not contended that this can be supported by the power, which is incident to every corporation, to pass by-laws which are not unreasonable nor inconsistent with any principle of the common law, or of a statute. The charter itself is displayed, and certain sections are pointed to as the source of power which gives validity to the ordinance in question.

Section thirty-one, sub-division eleven, empowers common council to pass ordinances to preserve public peace and good order, &c.; and sub-division twenty-eight, to establish, regulate and control a day and night police, and to regulate and define the manner of their appointment and removal, their duties and their compensation.

By section fifty-seven it is enacted that the chief of police

and officers of the day and night police appointed by the common council shall, in addition to the authority conferred upon them by the ordinances, by-laws, rules and regulations of the common council, possess and have all the powers of constables, within the city limits, for the purpose of preserving the peace and enforcing the ordinances of the city.

The range of the power which results from these general provisions, which are features in almost every municipal charter in this country, is discussed by Mr. Dillon in chapter twelve of his work on municipal corporations. But these general provisions must be construed with the other sections of the charter, which have marked out the plan for the enforcement of the city ordinances. And I think a consideration of those sections will result in the conclusion that the method pursued in the present case cannot be supported.

The charter has designated a method for the enforcement of these ordinances, and that method must be pursued. By section thirty-three of the charter it is provided " that in all cases where the common council have authority to pass ordinances on any subject, they may provide a penalty or penalties for the violation thereof, either by imprisonment not exceeding ten days, or by fine not exceeding $50, to be recovered, with costs, in an action of debt, and in the name of the mayor and common council of the city of Newark, before any police justice thereof, in which action the first process may be either by warrant or summons, and in which action it shall be lawful to declare generally in debt for such penalty, and give the special matter in evidence," &c.

This applies to the collection of a fine by the ordinary action of debt, commenced by summons or warrant. Section fifty-one confers upon police justices like power, authority and jurisdiction in all criminal matters, in the city of Newark, as the justices of the peace have.

Section fifty-two provides that, unless when otherwise directed, all actions and proceedings before any police justice shall, as nearly as may be, be regulated and conducted according to the small cause act. Section fifty-four provides

that every police justice shall be empowered, on oath or affirmation, or affidavit made according to law, and filed in his office, that any person has been guilty of a violation of the city ordinances, to issue a process, either in the nature of a warrant or a summons, against the person so charged, which process shall state what ordinance the defendant has violated; when and in what manner the same has been violated; and that, on the return of such process, or at the time to which the justice has adjourned the same, the said justice shall proceed to hear testimony, and to determine and give judgment in the matter, without the filing of any pleadings, &c.

There is a proviso to this section that nothing therein contained should prevent the enforcement of the ordinances of said city in the manner hereinbefore provided—evidently referring to the action of debt provided for by the thirty-third section.

Section fifty-five provides that no warrant, or process in the nature of a warrant, shall be issued by any police justice against any person on any complaint made as aforesaid for the violation of any ordinance, unless upon oath or affirmation, made and filed before said justice, establishing to his satisfaction, by one or more particulars mentioned therein, that such process is necessary to secure the due enforcement of the ordinance, in the matter of said complaint against such person or persons.

The limits to the power of arrest by a constable, without process, was well defined at common law. The regard for the liberty of the person was so great that the common law did not confer upon a mere conservator of the peace the power to touch the person of the subject, of his own volition, except in those cases where the interests of the public absolutely demanded it. To prevent the escape of a felon, he had authority to arrest any one whom he reasonably suspected to have been engaged in the perpetration of a felony.

To prevent breaches of the peace, he had the right to arrest any person who was engaged in, or in his presence threatened to engage in an affray or other breach of the peace. Beyond

this, the law did not allow him to exercise the function of determining whether there was a sufficient case of the violation of a law to justify an arrest, but placed that power in the hands of officers whose functions were judicial. Only after a determination by such officers, and a warrant indicative of such determination, could the law be put in operation against the party. The extent of the constable's authority to arrest summarily was enlarged from time to time by parliament. In this state, by the act concerning disorderly persons, it has been extended to a class of cases which would seem to include almost every instance where the police regulation of any municipality would require speedy treatment.

The power of the legislature to place in the hands of a city the right to authorize summary arrest and trial, is undisputed.

The legislature in this instance, however, instead of conferring that power upon the common council of Newark, has, by the most explicit language, guarded against that method of enforcing the city ordinances, by directing the method of procedure before the city courts. The express direction relative to the manner in which the violator shall be brought into court, excludes any other way of acquiring jurisdiction, except by consent of the party himself.

I think the court had acquired no jurisdiction over the person of the defendant in this case, and the judgment of the Common Pleas was correct.

Judgment affirmed, with costs.