ROBINSON v. CITY OF WILMINGTON et al.

(Circuit Court of Appeals, Fourth Circuit. February 17, 1894.)

No. 60.

CIRCUIT COURTS OF APPEALS — JURISDICTION — APPEALS FROM INTERLOCUTORY ORDERS.

Section 7 of the act creating the circuit courts of appeals (26 Stat. 828) gives no jurisdiction of an appeal from an interlocutory order dismissing a restraining order and denying an injunction.

Appeal from the Circuit Court of the United States for the Eastern District of North Carolina.

This was a bill filed by W. S. O'B. Robinson, receiver of the First National Bank of Wilmington, N. C., against the city of Wilmington and William A. Willson, to enjoin the levy of a tax execution against the real estate of the bank. The court below, having granted a restraining order, afterwards made an order dismissing the same, and denying an injunction. From this order complainant appeals.

E. K. Bryan, for appellant.

Thomas W. Strange, for appellees.

Before GOFF and SIMONTON, Circuit Judges, and JACKSON, District Judge.

SIMONTON, Circuit Judge. This is an appeal in equity from the circuit court of the United States for the eastern district of North Carolina. The appellant in this court, the plaintiff below, filed his bill against the city of Wilmington, N. C., and William A. Willson, alleging that the defendants were about to levy a tax execution against the real estate of the First National Bank of Wilmington, in his custody as receiver of the said bank. The bill alleged that the bank was not responsible for the taxes assessed against it, but that such taxes should properly have been assessed against the stockholders of the bank resident in the city of Wilmington, and paid by them out of their own funds; and that the levy of said tax execution created a cloud upon the title of the bank's realty. The prayer of the bill is for a perpetual injunction. Upon the filing of the bill the court granted a rule against the defendants to show cause why the injunction prayed for in the bill be not granted, and in the mean time issued the usual restraining order. The defendants answered the bill, denying and putting in issue the facts stated therein as to the ownership of the stock, and claiming that the bank was estopped from denying its liability for the tax because of the action of its cashier in returning its property for taxation. Upon the return of the rule to show cause, after hearing the bill, answer, proofs, and argument thereon, the circuit court entered an order containing these words: "That the restraining order heretofore issued be, and the same is hereby, dismissed, and the prayer in plaintiff's bill, asking for a perpetual injunction, is hereby denied."

Upon the entry of this order the plaintiff, in writing, prayed an appeal, his prayer reciting as follows: "An order refusing the restraining order moved for in this case having been refused after a hearing on the bill, answer, and proofs," the plaintiff, through his solicitor, prays an appeal to the circuit court of appeals, "and assigns as error the refusal of the court to grant the restraining order upon the bill, answer, and proofs." The court granted the appeal, the order reciting "that the plaintiff in the above-entitled suit having this day prayed an appeal from the order refusing the restraining order;" and in this way the case comes here. No final

disposition has been made of the case in the court below, and no final decree entered.

The general rule, without question, is that to authorize an appeal the decree must be final in all matters within the pleadings (Mordecai v. Lindsay, 19 How. 199), and that a decree cannot be said to be final until the court has completed its adjudication of the cause (Green v. Fisk, 103 U. S. 518). The seventh section of the act of congress creating this court (26 Stat. 828) makes one exception to this well-established rule:

"Where upon a hearing in equity in a district court or in an existing circuit court an injunction shall be granted or continued by an interlocutory order or decree in a cause in which an appeal from a final decree may be taken under the provisions of this act to the circuit court of appeals, an appeal may be taken from such interlocutory order or decree granting or continuing such injunction to the circuit court of appeals."

In the case before us the order neither granted nor continued an injunction, and the case does not come within the exception. This point was not made in the record, nor in argument. But the question involves the jurisdiction of this court, and of its own motion the court will notice the objection. Railway Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510; King Bridge Co. v. Otoe Co., 120 U. S. 225, 7 Sup. Ct. 552.

The appeal was improvidently awarded, and is dismissed, each party paying his or its own costs in this court.

The case is remanded to the circuit court for such further proceedings as may be deemed necessary. This cause came on to be heard at the February term of this court, and was then and there decided. The reasons of the court for its decision having been now formulated, ordered that the clerk of this court file the opinion as of the 17th of February, 1894, and issue the mandate thereon forthwith.