## YANCEY v. BRENNEMAN et al.

(Third Division. Valdez. November 28, 1921.)

No. 231, Criminal.

**1. Pleading ⬤➡8(3)—Complaint—False Imprisonment.**

The plaintiff in his complaint against defendants for false imprisonment alleged the deputy United States marshal unlawfully and without reasonable or probable cause by force compelled plaintiff to go with him to the United States jail at McCarthy, in the territory of Alaska, and there imprisoned plaintiff. On demurrer, *held*, that form of statement is a legal conclusion, and not the statement of an ultimate fact. Demurrer sustained.

**2. False Imprisonment ⬤➡20(1)—Pleadings—Complaint.**

A complaint for false imprisonment must aver facts from which want of jurisdiction appears. Allegations, as here, that the imprisonment was unlawful and void, tender no issue.

**3. Pleading ⬤➡11—False Imprisonment—Complaint.**

In order to constitute a sufficient pleading (complaint) in false imprisonment, the ultimate facts which are expected to be proven must be set out. That is not pleading evidence, as counsel for plaintiff suggested. An ultimate fact is no more a pleading of evidence than it is a legal conclusion, although it is fair to say in many cases it is difficult to state an ultimate fact without, to a certain degree, stating the legal effect of the fact.

**4. False Imprisonment ⬤➡15(1)—United States Marshal—Deputy.**

Where a deputy United States marshal "unlawfully and without reasonable or probable cause by force" compels a person to go with him to the United States jail, and there imprisons such person against his will, without the knowledge or consent of the United States marshal, the latter official is not chargeable with responsibility therefor.

Plaintiff sued defendants asking damages for alleged false imprisonment. His complaint alleges that Brenneman is United States marshal of the Third division of Alaska, and Kavanaugh his deputy at McCarthy. It charges that—

"On the 22d day of September, 1921, at Blackburn, in the McCarthy recording precinct, Third judicial division of the territory of Alaska, defendant F. R. Brenneman, acting by and through his deputy, said defendant H. C. Kavanaugh, and said Kavanaugh, acting by virtue of his office of deputy United States marshal, unlawfully and without reasonable or probable cause, by force compelled

plaintiff to go with him to the United States jail at said McCarthy. in the territory of Alaska, and there imprisoned this plaintiff, and then and there detained and restrained him of his liberty from 10 o'clock p. m. to 11 o'clock p. m. of said date, against the will of plaintiff herein, to the damage of plaintiff $1,000."

The complaint further charges that said false imprisonment was willful, unlawful, malicious, and without probable cause.

Defendants filed a joint demurrer to the sufficiency of the complaint, and Brenneman filed also a separate demurrer on the same ground.

Donohoe & Dimond, of Valdez, and J. H. Murray, for plaintiff.

Sherman Duggan, U. S. Atty., of Anchorage, for defendants.

RITCHIE, District Judge. Two issues of law are raised by the demurrers: First. Does the complaint state a cause of action against either defendant? Second. Does it state a cause of action against defendant Brenneman? It seems to me that both questions must be answered in the negative.

Plaintiff's counsel · rely upon the fact that the complaint closely follows forms given in Estee's, Sutherland's, and Winslow's pleadings, which have been approved by Supreme Court decisions in Minnesota, South Dakota, Alabama, and some other states.

The first contested point in the complaint is the allegation that the defendants unlawfully and without reasonable or probable cause· imprisoned the plaintiff. The issue of law is whether that form of statement is a legal conclusion or a statement of ultimate fact. I believe the weight of authority, both in number of decisions and in argument, is in favor of the latter view.

·Estee's and Sutherland's forms are based on the California Code and decisions; yet, although Sutherland's forms in false imprisonment are similar to plaintiff's complaint herein, Mr. Sutherland in section 3852 lays down this rule:

"The allegation that the acts constituting such imprisonment were done 'wrongfully' or 'unlawfully' are mere conclusions of law, and tender no issue, where no facts are averred to show the acts complained of to be wrongful or unlawful. The complaint should

6 A.R.—29

allege facts showing that the imprisonment was extrajudicial or without legal process."

. He cites Going v. Dinwiddie, 86 Cal. 633, 25 Pac. 129. This case has been subsequently approved by the California Supreme Court and by the courts of numerous other states. It may be accepted as a standard case, settling the law in every jurisdiction which accepts the same view. In this case the court said:

"There may be some relations where 'wrongfully' and 'unlawfully,' and similar adverbs have some significance, but the ordinary rule is that for purposes of pleading they are utterly valueless. In Miles v. McDermott, 31 Cal. 274, the court say: 'Such words as "duly," "wrongfully," and "unlawfully," so frequently used in pleadings, might better be omitted. They tender no issue.' In Triscony v. Orr, 49 Cal. 617, which was an action in the nature of trover for the conversion of certain sheep, the complaint merely alleged that the defendants took the property 'unlawfully, fraudulently, willfully, and maliciously.' A demurrer to the complaint had been sustained in the trial court, and, on appeal to this court, the judgment was affirmed. This court, among other things, say: 'Whether the defendants took the sheep is a question of law and not the statement of an issuable fact. If they took them "fraudulently," the facts constituting the fraud should have been averred; othwise, no issuable fact is stated.' In Reardon v. City and County of San Francisco, 66 Cal. 496, 6 Pac. Rep. 317, the court say: 'If the defendant was empowered by law to do the work counted on in Army street, the averment in the complaint that such work was unlawful and wrongful would amount to nothing. Such epithets in a pleading are, in general, meaningless. They may be and are generally inserted with no valuable purpose, but only to round off or swell out a sentence. Unless the matters averred show the acts complained of to be unlawful or wrongful, such words are mere superfluous verbiage.' And in Pratt v. Gardner, supra, which was an action against a justice of the peace, and very similar to the case at bar, the complaint was, as Judge Shaw says, 'thickly sprinkled' with such epithets as 'unlawful,' 'wrongful,' 'illegally,' 'groundless,' 'false,' 'willfully,' 'maliciously,' etc.; but judgment for the defendant on the demurrer was sustained, and the court said that such epithets 'cannot change or qualify the material facts.' Our conclusion is that the complaint is insufficient, because it does not show that the acts of defendant complained of were without, or in excess of, his jurisdiction as justice of the peace, and that the use of the words 'wrongfully' and 'unlawfully' does not supply the omitted facts, and that therefore the demurrer to the complaint should have been sustained."

Counsel for plaintiff in the argument objected to Going v. Dinwiddie as authority in this case for the reason that it was

based upon an alleged excess of jurisdiction by a justice of the peace. The same criticism might be made of other cases which will be cited in this decision, but I see no merit in the contention, because in all of them the issue is the same, to wit, whether or not averments that an act was unlawful, malicious, or without probable cause is a conclusion of law or a statement of ultimate fact; therefore Going v. Dinwiddie and kindred cases are all applicable on the legal question as to the pleading, whether the acts complained of were those of a judicial officer, sheriff, marshal, or police officer.

In Grant v. Williams, 54 Mont. 428, 171 Pac. 277, the Montana Supreme Court says:

"The complaint charges that defendant Lutz acted in his official capacity as town marshal of Chinook when he arrested the plaintiff. but it fails to allege that he acted without warrant or other sufficient legal process. From the facts stated, the presumption arises that Lutz performed an official duty in a regular manner (Rev. Codes, § 7962, subd. 15), and to make out a cause of action for false imprisonment the burden was imposed upon the plaintiff to state facts sufficient to overcome this presumption and to disclose wherein the violation of his liberty was unlawful. This he failed to do. The most extravagant use of the terms 'wrongfully' and 'unlawfully' will not serve to relieve the pleader of the necessity of stating facts upon which issue may be joined. Going v. Dinwiddie, 86 Cal. 633, 25 Pac. 129. The complaint does not state a cause of action, and the court ruled correctly in sustaining the demurrer."

In Barker v. Anderson, 81 Mich. 508, 45 N. W. 1108, the Michigan Supreme Court reached the same conclusion. Anderson was mayor of a city and was charged with unlawful imprisonment of Barker by making a complaint against him before a justice of the peace, upon which Barker was convicted of peddling without a license and jailed in default of the payment of a fine. Justice Morse says:

"Under the circumstances of the plaintiff's proofs we think the defendant was entitled to a verdict. In actions of this kind it is for the plaintiff to show not only that he was restrained of his liberty, but that the restraint was unlawful. The name of the action implies that the imprisonment is false, and no action could be supported against any restraint which was lawful. The mere fact that a person has been imprisoned is sufficient in itself, standing alone, to raise the presumption that it was illegal; but when the plaintiff goes further, and shows, as he did in this case, that such imprisonment was caused by a complaint before a magistrate,

the issuing of a warrant upon such complaint, and a trial and conviction under it, and that the chief damages resulted from the imprisonment under the commitment of the magistrate upon such conviction, the burden must be on the plaintiff to show that the complaint was invalid."

The Michigan case and Going v. Didwiddie, as well as numerous others to the same effect, are quoted by the Nevada Supreme Court in Dixon v. City of Reno, 43 Nev. 417, 187 P. 309. The court says:

"The mere allegation that the said court and Bryson 'had no jurisdiction or power' is not a statement of facts, but merely a statement of a conclusion of the pleader. The plaintiff having stated that he was arrested and proceeded against upon a warrant issued upon a complaint filed with a duly constituted magistrate, it was incumbent upon him to plead facts showing the lack of jurisdiction of such magistrate to entertain such proceedings, and, failing to do so, the so-called first cause of action of the amended complaint is not good. This question was determined by the Supreme Court of California in Going v. Dinwiddie, 86 Cal. 633, 25 Pac. 129."

In Robinson v. Morgan, 100 Ky. 529, 38 S. W. 868, a Kentucky case, the defendants were charged with having arrested and confined plaintiff in jail "unlawfully, wrongfully, maliciously, and without right or authority." The Supreme Court says:

"If he intended to sue for false imprisonment, there was something necessary to be stated besides the general allegation that the arrest and order of imprisonment were made unlawfully, maliciously, and without right. After admitting, as appellant in his petition does do, that Hacker and Morgan were, respectively, marshal and police judge de facto, it, was necessary for him, in order to make it appear that they acted unlawfully, to further allege they were not duly elected and qualified as such officers, and were therefore, without legal right, and as usurpers, holding and exercising functions of the two officers. As the petition does not contain a statement of facts sufficient to constitute a cause of action, the general demurrer was properly sustained."

The Wisconsin Supreme Court reached the same conclusions in Murphy v. Martin, 58 Wis. 276, 16 N. W. 603, and King v. Johnston, 81 Wis. 578, 51 N. W. 1011, and in the latter case, citing the former, the court says:

"The complaint does not state a cause of action for false imprisonment, since it fails to allege facts showing that the arrest was extrajudicial, or without legal process."

A like declaration by the California appellate court is in Lapique v. Agoure (Cal. App.) 195 Pac. 1075, where the court says:

"A complaint for false imprisonment must aver facts from which want of jurisdiction appears. Allegations, as here, that the imprisonment was unlawful and void, tender no issue"—citing Going v. Dinwiddie, supra, and numerous other cases of similar purport.

They settle in my mind by a great preponderance of authority that adjective allegations that an act is unlawful, wrongful, or without probable cause is a mere legal conclusion, and not a statement of facts.

In order to constitute a sufficient pleading in false imprisonment, the ultimate facts which are expected to be proven must be set out. That is not pleading evidence, as counsel for plaintiff suggested. An ultimate fact is no more a pleading of evidence than it is a legal conclusion, although it is fair to say that in many cases it is difficult to state an ultimate fact without to a certain degree stating the legal effect of the fact.

In the title of this case the defendants are named as individuals. If the recitals in the complaint had continued to refer to them as individuals, it probably would have required less in the way of statement of facts to constitute a sufficient complaint, but, after reciting that the defendants are duly qualified officers, with authority to make arrests according to law, and further reciting that they were acting by virtue of their authority as marshal and deputy marshal, it appears to me that, to make the complaint sufficient, it is necessary that plaintiff should negative the authority of the officers in the premises by distinct averments that they were not acting by virtue of process lawfully issued, nor acting in any of the cases in which they are authorized by law to make arrests without warrant. The statement in the Montana case cited that this is necessary was based in that case upon a state statute giving the presumption of lawfulness and regularity to all acts of public officials, but that is only a statutory recognition of well-established law. Wherever the common law has prevailed, it has been settled for a long time that all presumptions are in favor of the regularity of official acts.

For the reasons stated, both demurrers must be sustained. It is unnecessary to pass upon the question whether or not the marshal in this case could be held for an act of his deputy,

as the cause of action is stated, because, if an amended complaint is filed, it may set out the fact in a different way. I may state, however, that the allegations of the complaint make out such an excess of authority by the deputy and an act so entirely wrongful, if the facts alleged are true, that the marshal could not be charged with responsibility.

⚹See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes