### NELSON v. TOWN OF CORDOVA et al.

Third Division.  Valdez.  January 18, 1927.

No. 1246.

1. Municipal Corporations ⬥744—False Imprisonment—Constitutional Law.

Plaintiff was engaged in selling goods by sample for nonresident corporations, who subsequently delivered the goods in interstate traffic from their places of business in the states. He was arrested by the town marshal for a violation of a town ordinance forbidding itinerant merchants from selling goods on the street in violation of the ordinance, prosecuted by the town attorney, tried, convicted, and both fined and imprisoned by the town magistrate for violation of the ordinance. He served out

⬥See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

his imprisonment, paid his fine, and then brought a suit for damages for false imprisonment against the town and the officers. On demurrer to the complaint, *held* that, while the ordinance was unconstitutional and void, the suit could not be maintained against municipal officials for prosecuting plaintiff in good faith under its provisions.

**2. Hawkers and Peddlers ☞2—Constitutional Law—Municipal Corporations.**

The town of Cordova passed an ordinance to punish itinerant merchants having no fixed place of business in the town for bringing into town commodities, merchandise, or agricultural products, not manufactured or produced by himself, or bankrupt stocks of goods for sale in competition with merchants, etc., in the town. On suit for false imprisonment for violation of the ordinance, *held*, the ordinance is unconstitutional and void.

**3. Municipal Corporations ☞747(1)—Suits against, for False Imprisonment, under Void Ordinances.**

The town of Cordova passed an ordinance to prevent itinerant merchants selling merchandise, etc., in competition with merchants in the town. On suit by an itinerant peddler, *held*, no suit can be maintained against the town for false imprisonment, when the itinerant was imprisoned for violation of the ordinance.

Plaintiff's action is for damages for alleged false imprisonment; the gist of his cause being his arrest for violation of a municipal ordinance of the town of Cordova requiring itinerant merchants to pay a license of $50 a month for doing business in the town. He was fined $25, and imprisoned two days for nonpayment, when he paid the unsatisfied part of the fine and was released. The town marshal, town magistrate, and town attorney are joined as defendants with the municipality. Defendants demur to plaintiff's complaint upon the grounds that )plaintiff has no legal capacity to sue, that there is a defect of parties defendant, and that the complaint does not state a cause of action. The first two grounds must be disregarded, as they do not specify the claimed defects. The general demurrer was argued at length by counsel, and raises an issue upon which the authorities are divided.

Plaintiff claims the ordinance he is charged with violating is unconstitutional, as an interference with interstate commerce. His complaint alleges that he was selling goods by sample for nonresident corporations, that orders taken were

sent to the wholesalers, and filled by shipping from the non-resident house by mail or C. O. D., so the actual sale was made outside the territory. He also claims he did not violate the ordinance, which forbids the sale of commodities in the town which are produced or manufactured outside the town. The material section is as follows:

"Sec. 4. An itinerant merchant in the meaning of this ordinance is a person who has no fixed place of business and brings into the town of Cordova commodities, merchandise or agricultural products, not manufactured or produced by himself, or bankrupt stock of goods, for the purpose of selling any of the above-mentioned articles, commodities or products, in competition with merchants proper, engaged permanently in business, and residents and taxpayers in the town of Cordova."

J. L. Reed, of Valdez, for plaintiff.
F. H. Foster, of Cordova, for defendants.

RITCHIE, District Judge. That such an ordinance is unconstitutional has been repeatedly declared by the Supreme Court of the United States, as well as by the lower federal courts and many state courts. The latest Supreme Court decision is Real Silk Hosiery Mills v. City of Portland, 268 U. S. 325, 45 S. Ct. 525, 69 L. Ed. 982, citing previous cases. The law on that point is settled, but that is not the main issue in this case. The issue raised by the general demurrer is the contention that neither a municipality nor its officers can be held in damages for official action. Plaintiff argues that, as an unconstitutional ordinance is void, any action taken under it is unlawful, and therefore subject to reprisal through a suit for damages. Among the cases cited by plaintiff's counsel, the only one based on similar facts is McGraw v. Town of Marion, 98 Ky. 673, 34 S. W. 18, 47 L. R. A. 593. The Kentucky Court of Appeals upheld the view urged by plaintiff herein, saying:

"It seems to us that both reason and authority require that a municipal corporation should be answerable for the damage done to a party by its officers enforcing a void and unconstitutional ordinance or by-law."

With due respect to the Kentucky court, I am compelled to say that both reason and authority point the opposite way. I appreciate the fact that the law does not permit any wrong

to be without remedy; but the counter argument is that it would be against public policy to allow public officials to be subject to damages for mistakes made honestly. This view is set forth in a note to McGraw v. Town of Marion in 47 L. R. A., citing several cases.

In Brooks v. Mangan, 86 Mich. 576, 49 N. W. 633, 24 Am. St. Rep. 137, Mr. Justice Grant says:

"In the case of Ortman v. Greenman, 4 Mich. 290, 291, this court severely censured a justice of the peace for holding an act of the Legislature unconstitutional. In that decision the court said: 'We regret that any magistrate should, in the course of his official duty, presume to do that which the highest judicial tribunals of the land do with great caution, and only after the most mature deliberation.' It is evident that under this rule justices of the peace would seldom hold an ordinance or act of the Legislature valid, were its constitutionality challenged in the interest of a respondent charged with crime. If these inferior officers are to be held liable in one case, it follows that they must in all; and a justice of the peace could therefore be held liable for binding a person over to the circuit court for trial, if it should afterwards be held by the appellate court that the act under which he was arrested was unconstitutional. Public policy, in my judgment, forbids the adoption of such a rule. In all criminal prosecutions, there are two parties interested, viz., the accused and the people. It is inevitable, under any criminal procedure, that innocent persons will sometimes be arrested and tried. Judicial officers are, and must of necessity, be intrusted with the investigation and trial of offenses against the laws of the state, and in such cases constitutional questions must frequently arise for determination. When these officers have acted in good faith in determining such questions, the innocent is without remedy. The Constitution guaranties no man immunity from arrest. It guaranties him a fair and impartial trial. It has provided him with appellate courts, to which he may resort for the correction of errors committed by the inferior courts. With this he must be content. These inferior tribunals should be left to the exercise of their honest judgment, and when they have so exercised it they are exempt from civil liability for errors. This is the only rule which can secure a proper administration of our criminal laws. The interests of the individual must, in such case, yield to the interests of the public. This is the rule adopted by the Supreme Court of Iowa. Henke v. McCord, 55 Iowa, 378, 7 N. W. 623."

In Henke v. McCord, 55 Iowa, 378, 7 N. W. 623, the Iowa Supreme Court says:

"Where a justice, under a void ordinance, issued a warrant for a search for and seizure of liquors, and a marshal executed the same, held, that as the justice had jurisdiction in the premises his issuing the warrant on the theory that the ordinance was valid was an error

of judgment, and neither he nor the marshal were civilly liable for the trespass."

In Trescott v. City of Waterloo, in the United States Circuit Court of the Northern District of Iowa, Judge Shiras said:

"A party who has been arrested for violation of an unconstitutional municipal ordinance, requiring a license fee to be paid by nonresident peddlers, and, on conviction, has served out his fine in prison, cannot maintain an action against the municipal corporation for false imprisonment." 26 F. 592.

I think the inconsistency in the decisions of·the courts on this subject is due to confusion in the matter of jurisdiction. Counsel for plaintiff urged that any action taken by municipal authorities under an unconstitutional ordinance is necessarily illegal, because the ordinance is void. This argument overlooks the fact that minor courts are not usually considered competent to pass on matters of constitutional law, and that the rule counsel seeks to establish would require every town magistrate and every justice of the peace to pass on the legality of ordinances and laws, because, if he issued process based on an unconstitutional act, he would be liable in damages. This theory is disposed of in the Michigan case of Brooks v. Mangan, supra.

Plaintiff's theory of jurisdiction is that, if a law or ordinance is void because unconstitutional, a court has no jurisdiction to act under it. I think this argument is answered by the following extracts from section 26 of the title "False Imprisonment," 11 R. C. L. 813:

"It is inaccurate to say in such a case that the court was without jurisdiction. When it has jurisdiction of a certain class of cases, and the judicial duty of passing on the papers and the evidence in a particular case to decide whether its judicial power shall be exerted, any error in the decision is an error in the exercise of jurisdiction rather than an act outside of jurisdiction."

The subject of immunity of public officers is discussed at length in sections 26, 27, and 28 of the title "False Imprisonment," 11 R. C. L.

The general statement is that judicial officers are immune from action for their judicial acts, even when proceeding under invalid laws, and other officers have generally a like exemption. An officer is always exempt from liability when he

serves process regular on its face. Reilly v. U. S. Fidelity & Guaranty Co. (C. C. A.) 15 F.(2d) 314; Bigelow on Torts, 348.

It is not true that to deny a party in the situation of plaintiff the right to sue for damages would deny him of remedy. His proper remedy was to appeal from the judgment of the magistrate court. I do not think the district court on appeal would have hesitated to dismiss the case, as was done in the similar case of Valdez v. Bell, 6 Alaska, 109.

My conclusion is that the general demurrer to the complaint should be sustained; and it is so ordered.