## GIORDANO v. CITY OF ASBURY PARK et al.
### No. 6232.

Circuit Court of Appeals, Third Circuit.
July 26, 1937.

**456**

Gabriele Giordano, pro se, and John Mazzei, of New York City, for appellant.

Walter Taylor and Tumen & Tumen, all of Asbury Park, N. J., and Howard W. Roberts, of Atlantic Highlands, N. J. (John A. Hartpence, of Jersey City, N. J., of counsel), for appellees.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

BIGGS, Circuit Judge.

In this cause the court below entered an order revoking and vacating a previous order assigning counsel to the appellant to conduct his case for him, and after certain further steps, which need not be discussed here, had been taken, entered a final order dismissing the complaint filed by the appellant. From both of these orders, the appellant appeals.

As to the propriety of the first order mentioned, there need be but little discussion here. Appellant's counsel petitioned the court praying that he be relieved from the burden of prosecuting the appellant's suit, giving as his reason that he believed that under the facts stated the appellant had no case. This petition furnished an ample basis for the order of the court. Indeed from the early days of the common law a court might relieve counsel of the prosecution or defense of a suit upon his application and for no greater reason than his request. But, quite aside from the merit of the question, we entertain no doubt that an order vacating an assignment of counsel is a mere interlocutory order in a cause and is in nowise a final order or judgment. From such, no appeal will lie to this court. Error Act, 2 Comp.Stat.1910 of N.J. p. 2207, § 1; Mordecai v. Lindsay, 19 How. 199, 15 L.Ed. 624.

In order to pass upon the merits of the final order dismissing the appellant's suit, it is necessary that we state briefly the facts alleged in the complaint. This pleading seems to have been prepared by the appellant himself and was filed by him in propria persona. It is divided into three counts with eight preliminary paragraphs. The language used throughout is extremely confusing, but in view of the fact that the complaint was prepared by a layman, we have seen fit to construe all doubtful language in favor of the appellant.

The first count charges false arrest. The appellant alleges that upon June 13, 1932, at about 5 p. m., he returned from the New Jersey State Hospital to the city of Asbury Park, that he thereupon entered an uninhabited house by an unlocked rear door and proceeded to lie down and fall asleep upon one of the beds in the house. As a result of this conduct, when the appellant awoke upon the following morning, he was arrested by a police officer, the appellee Masco, an employee of the appellee the city of Asbury Park. According to the complaint, the owner of the house which the appellant had entered withdrew any charge, but the police officer proceeded to take the appellant before police magistrate Tumen, another appellee, who proceeded to commit the appellant to the city jail for a few hours and thereafter sent him to the Monmouth county jail for five days for observation. These facts constitute the basis of the appellant's claim of false arrest as set forth in the first count of the complaint. It is obvious that no cause of action is set forth therein. The Disorderly Persons Act of the

state of New Jersey, Comp.St.Supp. of N.J. 1930, § 59—1, provides that persons who wander abroad and lodge in barns or other places and do not give a good account of themselves shall be deemed to be disorderly persons. The conduct of the appellant perfectly answers this description. No warrant was necessary for the appellant's arrest since the police officer had sufficient authority to make the arrest under the circumstances without a warrant. Mayor of Newark v. Murphy, 40 N.J.Law, 145, 150. Under such circumstances, the action of magistrate Tumen in committing the appellant for observation to the city and county jails was reasonable and cannot be the basis of a suit for false arrest. Neither can suit for false arrest be sustained against the city of Asbury Park. Even had the actions of police officer and police magistrate been such as to give a valid cause of action against them, no suit could lie for their actions against the municipal corporation, the city of Asbury Park. Police officers are in nowise agents of a municipal corporation. They act in the public interest and the city is not responsible for their torts. 43 Corpus Juris 965, and the numerous authorities cited thereunder.

 The second count charges false imprisonment and alleges that magistrate Tumen in effect conspired with Drs. Reynolds and Clayton, also appellees, to fix upon the appellant "the stigma, and the disability of mental unsoundness." The complaint states that the two physicians found that the appellant "was in need of treatments" and that as a result of the "false and ambiguous certificates" of the two physicians the appellant was confined and falsely imprisoned in the New Jersey State Hospital for the Insane for a period of six months. The appellant then proceeds to attempt to charge a cause of action against the appellee Monmouth County Board of Freeholders, because it "without probable cause or reasonable one" paid the hospital authorities for the appellant's weekly board for the six months that he was confined. This statement constitutes no basis for any cause of action. Thereafter the appellant alleges that the "hospital's authorities" maliciously restrained his liberty, but since he has not named them as defendants, they are not parties to the suit. The only question remaining therefore is whether or not any cause of action is stated in the second count against the two examining physicians

and the police magistrate. We believe there is not.

3 Compiled Statutes of New Jersey 1910, section 125, p. 3206, provides in part:

"No person shall be committed to or confined in any institution for the care and treatment of the insane in this state except upon filing with the medical director or other head officer of said institution an application in writing of a person interested in the admission of said person; * * * and to every application filed as aforesaid shall be attached the certificates of two physicians under oath setting forth the insanity of said person."

So far as the complaint shows, the certificates of the two physicians were not in a form which was technically correct. Under the statute, the physicians are required to certify the insanity of the person concerned. As set forth in the complaint, the physicians certified merely that the appellant "was in need of treatments." The risk of proceeding upon such certificates was upon those in charge of the New Jersey State Hospital for the Insane. The appellant was confined by the hospital authorities, who are not parties to the suit, and not by the physicians. We find as a matter of law that the certificates issued by the physicians relating to the mental condition of the appellant were insufficient, but the hospital is itself an independent agency and acted as such. It must assume the burden and the blame, if any, of its action in committing the appellant. In so far as magistrate Tumen is concerned, it is apparent that he had nothing to do with confining the appellant to the State Hospital. The statute in fact gave him no power in the premises.

 The complaint charges that the physicians acted "falsely, corruptly, maliciously and without probable cause" in making their certificates, but these allegations are merely conclusions of law and, without further specific allegations of fact which are lacking, do not state a cause of action. It is therefore our conclusion that the second count is insufficient.

The third count is devoted entirely to complaint of actions of agents of the State Hospital while the appellant was confined therein. These agents are neither named in nor made parties to this suit.

We have assumed for the benefit of the appellant that all necessary jurisdictional allegations are present in the complaint.

458

It follows that the appellant's suit was properly dismissed and the order of the court below is affirmed.