## MANSON v. PUCCI.

No. 4851.

District Court, W. D. Missouri, W. D.

Oct. 31, 1947.

Harry B. Jenkins, of Kansas City, Mo., for plaintiff.

William K. Atwood and Madden, Freeman, Madden & Burke, all of Kansas City, Mo., for defendants.

REEVES, District Judge.

The defendant has asked for a more definite statement in a complaint that charges false arrest. It is alleged in the complaint that the plaintiff was arrested in Kansas City, Kansas, on June 14th last, and that he was incarcerated and held "at the sole instance and direction of this defendant."

The defendant by his motion asked for a more definite statement or bill of particulars and that the plaintiff be required to allege "the nature and contents of the alleged warrant obtained by defendant for the arrest of plaintiff, the name of the public official, court or authority by whom or which said warrant was issued, and the nature of the charge against the plaintiff therein made." This was followed by a request that the plaintiff be required to allege "the nature of the inducement, manipulation, and maneuvering allegedly made by this defendant in causing the arrest of plaintiff." There was a third request, that the plaintiff be required to state "by reason of what facts or circumstances the alleged arrest of plaintiff in his alleged incarceration and detention by the police of Kansas City, Kansas, were made or obtained at the sole instance and direction of defendant."

1. Rule 8(a) of the Rules of Federal Procedure, 28 U.S.C.A. following section 723c, in the Federal Courts specifies that a complaint "shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief * * *." It is familiar law that a false arrest may be made the basis of a suit for damages.

In clear language the plaintiff says that on a specified date, at a specified place, he was arrested and detained at the instance of the defendant and that such arrest and detention were wrongfully made. This is sufficient.

2. Moreover, in many cases, motions for a more definite statement or for a bill of particulars are legal equivalents. That is particularly true in this case. Shortly after the adoption of the New Rules for Civil Procedure in the Federal Courts, including Rule 12(e), the courts, in the light of the clear provisions of Rule 8(a), so construed Rule 12 as to eliminate in toto that portion of the rule, namely paragraph (e) relating to a bill of particulars. This was followed by an amendment (effective April 2, 1948) to the rule whereby the motion for a bill of particulars was stricken from the rule.

3. The courts have repeatedly held that the discovery rules are adequate to furnish the information sought by a bill of particulars. That is conspicuously true in this case. Discovery rules are available to the defendant to obtain all the information sought here. Moreover, such information is not essential for a responsive pleading. Either the defendant wrongfully caused the arrest of the plaintiff or he did not.

The motion for a more definite statement or for a bill of particulars should be and will be overruled and the defendant will be granted 20 days to plead further.