Foster, P. J.
Plaintiff appeals from an order of the Supreme Court, which dismissed his complaint on the ground it did not state facts sufficient to constitute a cause of action against the City of Hudson for false arrest and imprisonment.
His complaint alleges that on the 8th day of July, 1948, he was directed by a police sergeant of the city of Hudson to go to police headquarters for an interview with the city chief of police.. In obedience to this direction he went to police headquarters and had an interview with the chief of police, at the conclusion of which he was told that he was under arrest; and thereafter he was committed to the county jail of Columbia County under the authority of a warrant or commitment signed by the City Judge. The complaint also alleges that the warrant or commitment was signed by the City Judge without an information laid before him charging plaintiff with the commission of a crime. Plaintiff was confined in jail, according to his complaint, from July 8 to July 10, 1948, when he was released and advised that he had been wrongfully detained.
The complaint also purports to state a second cause of action, which seems to be merely repetitious, but which alleges that the arrest and imprisonment of plaintiff were without any lawful warrant or order, without authority of law, and without any reasonable or probable cause to believe that he was in fact guilty of any crime.
The court below rested its decision to dismiss the complaint upon the ground that the City Judge was not liable for the exercise of a judicial function, and hence there could be no liability on the part of the defendant city. We are not prepared to concur wholly in so sweeping a declaration as to the liability of a City Judge although we reach the same conclusion as to the lack of responsibility on the part of the defendant city for the acts of the City Judge.
At the outset it should be noted that in the complaint there is no allegation of arrest or compulsion in connection with the police sergeant’s direction for plaintiff to go to police headquarters for an interview. Since no cause of action would lie *445 for a voluntary compliance with such a direction, this allegation must be taken as merely descriptive. Following this, it is not clear from the language of the complaint whether plaintiff claims he was arrested, at the conclusion of his interview with the chief of police, under a warrant or commitment signed by the City Judge, or whether he was arrested first without a warrant or commitment and later committed to the county jail under the authority of one instrument or the other. However, his formal written claim against the city, which is attached to the complaint, indicates that he claims to have been first arrested without a warrant and later committed to jail under the authority of an order signed by the City Judge.
Thus, if the complaint is construed most favorably to plaintiff two elements are presented: (1) an arrest by the chief of police without a warrant, and without probable cause for a belief that plaintiff was guilty of any crime; and (2) an order of commitment signed by the City Judge without an information being laid before him charging plaintiff with the commission of a crime, and without any investigation. In determining whether a cause of action is stated against the city we think these elements should be considered separately. Prior to the enactment of section 12-a of the former Court of Claims Act, later superseded by section 8 of the present act, the City of Hudson would not have been liable for the acts of its police officers. Such officers were not considered as agents or servants of a city, but public officers exercising governmental functions, so that the doctrine of respondeat superior did not apply (Woodhull v. Mayor, 150 N. Y. 450). This doctrine was uniformly followed until by the enactment of section 12-a, and later section 8, of the Court of Claims Act, the State waived its immunity from liability and consented to have the same determined in accordance with the rules of law applicable to actions against individuals and corporations. Thereafter it was held that civil divisions of the State lost their derivative immunity, and became liable for the tortious acts of their employees even though the latter might be engaged in the performance of governmental functions (Bernardine v. City of New York, 294 N. Y. 361; Steitz v. City of Beacon, 295 N. Y. 51; McCrink v. City of New York, 296 N. Y. 99). And it has been held that a city may be liable for a wrongful assault committed by one of its police officers while on duty (McCarthy v. City of Saratoga Springs, 269 App. Div. 469).
Whether a city would be liable for the tortious act of a city judge presents a different question. Judicial officers may be *446 personally liable in some instances for acts beyond the scope of their jurisdiction. A distinction has been made in that respect between courts of general jurisdiction and inferior courts, although the modern trend is to the contrary (2 Cooley on Torts [4th ed.], § 315). But there is no point in attempting to explore that distinction here because the allegations of the complaint before us, construed most favorably to the plaintiff, are substantially to the effect that the City Judge in this case acted without any jurisdiction whatever. Hence the doctrine of judicial immunity cannot be applied as a matter of law.
But the question remains whether a city is liable for a lawless act committed by a city judge. In all the host of cases where false arrest and imprisonment have been charged we have discovered none where liability has been found against the State or a civil division thereof for the judicial abuse of criminal process. Invariably the liability has been personal when found. Of course this may be due to the fact that under the old doctrine of sovereign immunity, which existed until a comparatively recent date, an action was not allowed against a city for the acts of a city judge or magistrate (Giordano v. City of Asbury Park, 91 F. 2d 455). But we are inclined to the view that there are other weighty reasons to support the doctrine of immunity for a municipality which still exist.
. A judicial officer is not an employee in the sense that the doctrine of respondeat superior can be logically applied to his acts. Whether he belongs to a court of general or inferior jurisdiction he acts independently of any restraint or dictation except that found in the law. He is not subject to orders like a policeman, and he may not be discharged by the local authorities of the civil division where he may serve on an inferior court. In fact he is a part of an independent branch of the government, and the exercise of his judgment as to any matter before him is untrammeled and unfettered. It would be incongruous therefore to fasten liability upon a municipality for the tort of a local judicial officer who acts wholly independent of and beyond the control of municipal authorities.
Moreover it has long been considered a general rule that when a judge acts he must be clothed with jurisdiction, and acting without this he is but an individual, falsely assuming an authority he does not possess (Broom v. Douglass, 175 Ala. 268; Hoppe v. Klapperich, 224 Minn. 224; 2 Cooley on Torts [4th ed.], § 315). In such a case he acts in a private capacity, and the responsibility is his own, for no other department of *447 government has the power to control his acts on any principle of agency as we know it.
In view of these considerations we reach the conclusion that plaintiff has not pleaded a valid case against the defendant city based on any act of its city judge. There remains a narrow ambit wherein it is alleged that plaintiff was wrongfully arrested by a police officer, without a warrant and without probable cause. This may give rise to a cause of action against the defendant city, but the complaint has so woven together the alleged acts of the police chief and the City Judge that it does not make a good pleading. The order of dismissal should therefore be affirmed, without costs, but modified so as to permit plaintiff to serve an amended complaint not inconsistent with the principles expressed herein, if he is so advised, within twenty days after the entry and service of an order herein.
Heffernan, Brewster, Bergan and Coon, JJ., concur.
Order modified, on the law and facts, so as to permit plaintiff to serve an amended complaint not inconsistent with the opinion herein, if he is so advised, within twenty days after the entry and service of an order herein; and as so modified, the order is affirmed, without costs.