E. D. WILSON, Plaintiff, v. Dallas W. EBERLE,
Herbert J. Jenks, and Town of Nome, Defendants.
Civ. No. 4032.

District Court, Alaska. Second Division. Nome.
Nov. 12, 1954.

262

George B. McNabb, Jr., Fairbanks, for plaintiff.

James A. von der Heydt, Nome, for defendants.

HODGE, District Judge.

Plaintiff, in an action for false imprisonment, seeks to recover general damages and exemplary and punitive damages against the defendants, Dallas W. Eberle; Herbert J. Jenks, Chief of Police of the Town of Nome; and the Town of Nome, a municipal corporation. The defendants

have each moved to dismiss the complaint upon the grounds that the complaint fails to state a cause of action against the defendants upon which the relief sought may be based; and in the alternative the defendant Eberle moves to dismiss the complaint upon the grounds that it "fails to clearly set forth the facts upon which plaintiff relies for the relief sought." These motions will be considered together, as they raise the same issue.

The material allegations of the complaint are:

"On the 9th day of June, 1954, Defendant Dallas W. Eberle appeared before Defendant Herbert J. Jenks, Chief of Police of Defendant Town of Nome, within the Jurisdiction aforesaid, and wilfully, maliciously and without cause falsely charged Plaintiff with the crime of adultery." (Par. II)

"Upon the receipt of the complaint aforesaid, Defendant Herbert J. Jenks did cause to be issued a warrant directing the arrest and confinement of Plaintiff to await trial upon said false charge and did execute said warrant of arrest by taking Plaintiff into his custody and confining him in the city jail. Plaintiff was obliged to, and did in fact give bail to secure his release therefrom." (Par. III)

Paragraph IV alleges that the complaint aforesaid was without authority of law, the warrant unlawfully issued and executed, and the entire proceeding was "void ab initio", and constituted an invasion of plaintiff's rights. Par. V alleges that at all times mentioned therein the defendant Jenks "was acting within the scope of his employment as Chief of Police for the defendant Town of Nome".

The complaint further alleges that at the time for appearance of plaintiff the charges against him were dropped and that by reason of such acts plaintiff suffered embarrass-

ment, humiliation and anguish; and was subjected to insult and oppression.

The defendant Eberle contends that the allegations of paragraph II of the complaint are insufficient to constitute a cause of action against him as being merely conclusions of law, upon the authority of Yancey v. Brenneman, 6 Alaska 448, and cases cited therein. This was held to be the rule under former Code procedure relating to insufficiency of a complaint to state "facts constituting a cause of action". The rule appears to be different under the now prevailing Federal Rules of Civil Procedure, 28 U.S.C.A. Rule 8(a) provides that a pleading which sets forth the claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b) provides that the following defense may be made by motion: "failure to state a claim upon which relief can be granted".

In construing such rules the main purpose of the pleadings is held to be giving notice of the claim. Iocono v. Anastasio, D.C., 79 F.Supp. 378; Poe v. Chesapeake & O. Ry. Co., D.C., 64 F.Supp. 358; In re Stroh, D.C., 52 F. Supp. 958. Emphasis has shifted in pleading from a "cause of action", as previously denominated, to a specified conduct of the defendant upon which the claim is based.

> "Under the new rules of civil procedure, there is no pleading requirement of stating 'facts sufficient to constitute a cause of action,' but only that there be 'a short and plain statement of the claim showing that pleader is entitled to relief,' (citing Rules) and the motion for dismissal under Rule 12 (b) is for failure to state 'a claim upon which relief can be granted.'" Dioguardi v. Durning, 2 Cir., 139 F.2d 774, 775.

> "[By] using the words 'claim' or 'claim for relief' in place of the term 'cause of action', [the rules] manifest intent to avoid the former concept of 'cause of action' and to refer to the speci-

fied conduct of the defendant upon which plaintiff tries to enforce his claim." White v. Holland Furnace Co., D.C., 31 F.Supp. 32. (Syllabus.)

See also Asher v. Ruppa, 7 Cir., 173 F.2d 10; Smith v. Cushman Motor Works, D.C., 8 F.R.D. 221; Ivancik v. Wright Aeronautical Corp., D.C., 68 F.Supp. 270, 272.

> "The complaint must be viewed in the light most favorable to the plaintiff and 'so construed as to do substantial justice.' Rule 8(f) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Carroll v. Morrison Hotel Corporation, 7 Cir., 149 F.2d 404, 406. It is well established that a complaint, viewed and construed according to those standards, should not be dismissed for insufficiency except where it appears to a certainty that the claim for relief therein asserted could not be sustained under any state of facts which could be proved in support of it." (Citing cases.) Ivancik v. Wright Aeronautical Corporation, above.

■■ It is true that legal conclusions alone are not enough to state a claim, but the allegations of false charges, together with the claim of a resulting arrest and confinement of plaintiff, are sufficient to constitute a claim for false imprisonment, the gist of which is unlawful detention. Riegel v. Hygrade Seed Co., D.C., 47 F.Supp. 290; Manson v. Pucci, D.C., 7 F.R.D. 570. In fact the allegations of the complaint go farther than the Yancey v. Brennema¨ case in which no facts were alleged, but only that the arrest was "unlawful and without reasonable or proper cause". The case of Giordano v. City of Asbury Park, 3 Cir., 91 F.2d 455, supports defendant's contention, but this case was decided July 26, 1937, prior to the adoption of the Federal Rules on September 16, 1938.

It is further contended that no action for false imprisonment will lie against the defendant Eberle where it is not

alleged that he took an active part in the arrest, citing Takahashi v. Hecht Co., 60 App.D.C. 176, 50 F.2d 326, 328.

■ While statements and complaints relative to the commission of a crime, when made in good faith to the proper authorities, are privileged, the party making such complaint must have probable cause to believe the truth of his statement. Such probable cause is a matter of defense, being peculiarly within the knowledge of the accuser. Riegel v. Hygrade Seed Co. above. This is in fact clearly indicated in the decision in the Takahashi case wherein the court states:

> "We do not by any means lose sight of the fact that information given to a police officer, or that statements indicating that suspicion has been directed to a certain person, when made in good faith, are ordinarily privileged, and we recognize fully the duty of every person having any information with relation to the commission of a crime to bring this information to the notice of the police, but here the inquiry is broader—the question was not only what the responsible agents of defendant said, but what they did, and this fact was apparently within the knowledge of a person in defendant's employ whose duty it was to supervise plaintiff's work, and we think plaintiff was entitled to show, if she could, that it was directly or indirectly the cause of her arrest. There can be no serious contention here but that the general manager of defendant was clothed with authority to act in the premises, and if, without probable cause, he commanded the arrest or instigated the police officer to make it, defendant would be responsible, * *."

■ A person causing a police officer or magistrate to make an arrest may be held liable for false imprisonment if the charge be false and malicious. Lindquist v. Friedman's, 285 Ill.App. 71, 1 N.E.2d 529; Howell v. Viener,

179 Miss. 872, 176 So. 731. The defendant may justify such arrest by showing probable cause, but this is a matter of defense.

The claim against the defendant Jenks is based upon his "causing" the warrant to be issued upon the complaint of Eberle, and the execution of such warrant by him, with resulting confinement of plaintiff, which process is claimed as void. Nothing is alleged in the complaint to indicate that the court issuing the warrant was without jurisdiction, or wherein the process may be void,—the allegations of Par. IV as to such invalidity being purely conclusions of law.

 The general rule is that a municipal officer is not liable to private suit for acts done in the performance of his duties; although doing an act beyond the scope of his authority, constituting malfeasance, creates a personal liability. McQuillin, Municipal Corporations, Vol. 4, Secs. 12:208, 209; Vol. 16, Sec. 45:20. Upon this principle it is universally held that a police officer is exempt from liability when he serves process regular on its face, even though its issuance was erroneous in the particular case, and the court issuing it did not actually have jurisdiction; although it may be otherwise where the complainant secures the issuance of process by a judicial officer who is entirely without jurisdiction. 35 C.J.S., False Imprisonment, §§ 27, 28, pp. 532, 535; Reilly v. U. S. Fidelity & Guaranty Co., 9 Cir., 15 F. 2d 314; Bigelow on Torts, p. 348; 11 RCL, False Imprisonment, p. 796, Sec. 9. Applying this rule it is held in Nelson v. Town of Cordova, 7 Alaska 555, 558, that neither the Town nor its officers may be held liable for false imprisonment, even though the arrest was wrongful because the ordinance for the violation of which the complainant was arrested was unconstitutional and invalid. This immunity extends to the party procuring the issuance of the warrant, the judicial officer issuing it, and the officer to whom it is addressed. 35 C.J.S., supra, § 27, p. 534; Whitten v. Bennett, 2 Cir., 86 F. 405; Schneider v. Kessler, 3 Cir., 97 F.2d 542.

In all of this a distinction is made between void, erroneous, or irregular process, in determining such liability. See especially, 35 C.J.S., supra, § 28. And again, the liability of the officer where such is imposed is conceived to be upon the principle that he was acting beyond the scope of his authority. In this case any such claim is directly contradicted by the allegations of Par. V that the defendant "was acting within the scope of his employment as Chief of Police", which is tantamount to such authority.

Hence it is not possible for the defendant or the Court to determine from the complaint the nature of the claim against officer Jenks, nor the grounds upon which the relief is claimed. Being devoid of any statement of facts showing invalidity of the process, the complaint fails to give sufficient notice of the claim, or to state a claim against the defendant Jenks upon which relief may be granted.

The only claim set forth in the complaint as to the defendant Town of Nome, is the allegation that defendant Jenks was acting within the scope of his employment for said Town. It is well settled that a municipality may not be held liable in an action for false imprisonment for the acts of such officers in performance of their duty. In such cases the officer is held to be acting in the public interest and not as an agent of the city. Nelson v. Town of Cordova, 7 Alaska 555; 63 C.J.S., Municipal Corporations, § 775, p. 77; 38 Am.Jur.Mun.Corpns. 316, Secs. 619–20; City of Chicago v. Williams, 182 Ill. 135, 55 N.E. 123; City of Caldwell v. Prunelle, 57 Kan. 511, 46 P. 949; Giordano v. City of Asbury Park above; McQuillin, Municipal Corporations, Vol. 15, Secs. 53.79, 53.80. To quote from the Giordano case [91 F.2d 457]:

> "Even had the actions of police officer and police magistrate been such as to give a valid cause of action against them, no suit could lie for their actions against the municipal corporation, the city of Asbury Park. Police officers are in no wise

agents of a municipal corporation. They act in the public interest and the city is not responsible for their torts. 43 Corpus Juris 965, and the numerous authorities cited thereunder."

No claim upon which the relief sought can be based is stated as to such defendant.

The motion to dismiss as to the defendant Dallas W. Eberle is denied. The motion to dismiss as to the defendants Herbert J. Jenks and Town of Nome is granted. Plaintiff is allowed fifteen days in which to amend his complaint as to the defendant Jenks; and the defendants Eberle and Jenks may have fifteen days thereafter to answer or otherwise plead to the amended complaint; if no amended complaint be filed, defendant Eberle is allowed thirty days from date to answer or otherwise plead to the complaint.